## MURRAY v. JONES.

### No. 9109.

Court of Civil Appeals of Texas. San Antonio.

Dec. 8, 1932.

Rehearing Denied Jan. 18, 1933.

T. M. West and Nat Hardy, both of San Antonio, for appellant.

Guy Cater and Dan Doherty, both of San Antonio, for appellee.

SMITH, J.

As a military traffic policeman, appellee, Jones, riding his motorcycle, was following the automobile of appellant, Murray, which was driven by the latter's chauffeur. It was alleged that the Murray car stopped suddenly in the center of a narrow street within the territorial limits of Ft. Sam Houston, adjacent to the city of San Antonio, and that appellee's motorcycle skidded into the rear of Murray's car, and appellee was seriously injured as a result of the collision.

Jones brought this action for personal injuries against Murray in a district court of Bexar county, whereas Murray is a resident of Wilson county. Jones also impleaded the Great American Indemnity Company as a defendant, alleging that Murray's car was covered by insurance under a policy issued by that company. Murray filed a plea of privilege to be sued in the county of his residence, and Jones controverted the plea, which the court overruled, and Murray has appealed.

Appellee claims that venue lies in Bexar county by virtue of the ninth exception to the venue statute (article 1995, R. S. 1925), as follows:

"*Crime or trespass.*—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

Appellee contends that his suit is based upon trespasses, crimes, and offenses committed by appellant, as contemplated in said exception, in that the acts charged against appellant were "active and positive acts of negligence."

When analyzed, the allegations in appellee's controverting affidavit charge that appellant's agent negligently operated appellant's car in the nighttime at an unlawfully

excessive rate of speed of forty-five miles per hour, reduced it to thirty-five miles per hour, and then suddenly stopped it in the center of a narrow street, without previously signaling his intention to stop; that thereupon appellee, pursuing appellant's car at like rate of speed, ran his own car against the appellant's after the latter had been brought to a full stop; in short, that appellee was injured as an immediate result of his own act, involuntary though it may have been, in running his own car against that of appellant, whatever else, if anything, may have been a remote, or antecedent, or intervening, or even proximate, cause of the accident.

All the allegations and proof show that appellant's car was operated, not by appellant himself, but by his chauffeur and agent, with nothing alleged or proven to show that appellant instigated, participated in, or ratified the acts and conduct of his agent; wherefore the acts complained of as being in violation of law and set up as the basis of the charge of crime, offense, and trespass were committed, not by appellant, but wholly and solely by his agent. It has been definitely settled, and rightfully so, that an action for injury or death caused by negligence, passive or active, cannot be sustained as an action upon an offense, crime, or trespass under the venue statute, unless it affirmatively appears that the defendant acted in person and not by agents. Austin v. Cameron, 83 Tex. 351, 18 S. W. 437; Wettermark v. Campbell, 93 Tex. 517, 56 S. W. 331; Brown v. Calhoun (Tex. Civ. App.) 22 S.W.(2d) 757.

Moreover, we are of the opinion that under the facts alleged, even if the acts complained of were chargeable to appellant instead of his agent, the action does not rest upon a crime, offense, or trespass within the meaning of the ninth exception to the venue statute. The accident was not immediately caused by any active negligence of appellant's agent, but rather by appellee's own act in running his motorcycle against appellant's parked car. If the latter had been previously operated at an unlawful rate of speed, or brought to an unlawfully sudden stop, in the absence of a lawful signal, at an unlawful place—those unlawful acts had been fully completed, whereupon appellee himself precipitated the accident by rushing his motorcycle against appellant's parked car. It was as in the case of a motorist who unlawfully parks his car in the roadway in the nighttime and leaves it there, unlighted, where other motorists run into it and are thereby injured. In such cases the offending motorist who leaves his car so parked is not guilty of such trespass, crime, or offense as brings him under the ninth exception to the venue statute. Connor v. Saunders, 81 Tex. 633, 637, 17 S. W. 236, 238; Ricker v. Shoemaker, 81 Tex. 22, 25, 16 S. W. 645; Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035; Amberson v. Anderson (Tex. Civ. App.) 43 S.W.(2d) 120; Phillips v. Terrell (Tex. Civ. App.) 52 S.W.(2d) 376; Brown v. Calhoun (Tex. Civ. App.) 22 S.W. (2d) 757; Sproles v. Schepps (Tex. Civ. App.) 26 S.W.(2d) 922; Rigby v. Gaines (Tex. Civ. App.) 6 S.W.(2d) 422.

No point seems to have been made by appellee of the fact that he had impleaded the insurance company as a party defendant in the case, but that fact can have no influence upon the question of venue, since the insurance company is neither a necessary nor proper party defendant, and was improperly joined in the suit. Ramon Cuellar v. Mrs. J. V. Moore, decided by this court on November 30, 1932, 55 S.W.(2d) 244; Phillips v. Terrell (Tex. Civ. App.) 52 S.W.(2d) 376.

The judgment is reversed, and judgment is here rendered that the venue of this cause be changed to the district court of Wilson county, as provided in article 2020, Revised Statutes 1925.