### SEABOLT v. GOFORTH et ux.

#### No. 11594.

Court of Civil Appeals of Texas. Dallas.
Feb. 23, 1935.

Reese D. Wade, of Beeville, and H. M. Wade, of Rockwall, for appellant.

Geo. D. Minick, of Garland, for appellees.

BOND, Justice.

This is an appeal from an interlocutory order of the district court of Dallas county, Tex., overruling appellant's plea of privilege to be sued in Rockwall county, Tex., the county of his residence. The appellees controverted the plea, claiming that the venue lies in Dallas county by virtue of the ninth exception to the venue statute (article 1995), as follows: "Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

When analyzed, the pleadings and evidence disclose that Eldon Seabolt was a 19 year old son of the appellant, living at his father's home in Rockwall county, cultivating land of his own and contracting as an emancipated son. Appellant lived in Rockwall county and was the owner of an automobile, used by the members of his family and for family purposes. The son, his mother, sister, brother, aunt, and two nieces were in the automobile, returning from a visit to relatives living in the state of Oklahoma. The use of the car on this occasion was only with the tacit permission of the father, no authority having been expressly given. The son was driving, and, as it entered a public highway in Dallas county, the automobile was steered to the left-hand side of the road in the direction it was going, and at a high rate of speed caused a head-on collision with the front end of appellees' car. The damages to appellees' car, if any, and the injuries to appellees, if any, are not disclosed by the record.

All the allegations and proof show that appellant's car was operated, not by appellant himself, but by his son, with nothing alleged or proven to show that appellant instigated, participated in, or ratified the acts and conduct of his son. The appellant was not present, and all of the affirmative acts set up as the basis for the charge of "crime, offense and trespass" were committed, not by appellant, but wholly and solely by his son.

Appellees contend that the suit being based upon "crime, offense and trespass" committed by a minor son of appellant, a member of his household, while operating the family automobile, under the "family automobile doctrine," the acts charged against the son, being active and positive negligence, are imputable to the father.

██ To constitute a trespass under the venue statute, there must be an affirmative act of negligence on the part of the defendant, or on the part of one acting within the scope and limits of his authority, so as to make the affirmative acts of the tort-feasor that of his principal. While the acts of a permittee, acting within the scope and limits of his permission, may be imputed to his principal, and the affirmative acts of negligence as to the permittee may constitute a trespass under the venue statute, authorizing suit to be brought against the permittee in the county where the trespass was committed; so, also, is the rule that the principal, and all parties with community responsibility, may be joined in the same suit; yet, where the one actually committing the tort is not made a party to the suit and the act alleged against the defendant is purely an inert act of negligence, in that he furnishing the automobile for the use of his family, such wrongful act complained of on the part of the defendant, he not being present, nor instigated or participated in or ratified the acts or conduct of the one using the car at the time of the alleged tortious act, such act of the defendant, in our opinion, is, at most, only passive negligence, and cannot be sustained as an action based upon an offense, crime, or trespass under the venue statute.

In the case of Murray v. Jones, 56 S.W.(2d) 276, 277, the San Antonio Court of Civil Appeals said: "It has been definitely settled, and rightfully so, that an action for injury or death caused by negligence, passive or active, cannot be sustained as an action upon an offense, crime, or trespass under the venue statute, unless it affirmatively appears that the defendant acted in person and not by agents." We are in accord with this holding, except in so far as it may apply to master and servant, or to acts of an agent arising from affirmative delegated authority of his principal, or the acts committed were within the scope of such delegated agency.

In the case of Lasater et al. v. Waits, 95 Tex. 553, 68 S. W. 500, a deputy sheriff of Hunt county was charged with affirmative acts of negligence constituting a trespass for which he might have been sued in Comanche county, the county where it was committed. The suit, however, was filed against the sureties on the sheriff's bond, who were liable upon it for the damages suffered by the injured party. Our Supreme Court, speaking through Judge Williams, said: "But we do

not agree to the proposition that plaintiffs in error, who were in no way participants in the trespass, could be sued in the county of the trespass to enforce their contractual liability without joining a party guilty of the trespass. Whether they could have been sued in that county along with the trespasser is a question not involved. The rule declared by the statute (Rev. St. art. 1194) is that an inhabitant of this state shall not be sued out of the county of his domicile, except in specified cases. * * * It is to be remembered that this is an exception to a general rule, and must be construed as such. The rule of construction which has always been applied in this state is that a plaintiff basing his action upon one of the exceptions must bring his case clearly within it. The defendant is not to be denied the privilege of being sued where he resides, upon a strained or doubtful construction of the exceptional provision. The contention here is that the statute 'intended to confer jurisdiction by reason alone of the subject-matter of the suit, without reference to the manner in which any defendant liable for the trespass became liable.' We think the plain and natural meaning of the statute is that the parties guilty of the trespass may be sued out of the county of their residence, and in that where the trespass occurred. The alternative provision that the suit may be brought in the county of the residence of the 'defendant' indicates this. It shows that the legislature had in mind only one defendant, who must necessarily be the trespasser. This would include every trespasser, as each would come under the express provision. But when we attempt to include in the exception other defendants who are not trespassers, we add something to the provision, which cannot be done without violating the general rule. In actions against the trespassers, the foundation, and the whole foundation, of the action, is the trespass, and the case comes wholly within the exception; but in suits like this, while the trespass is an essential element, the liability of the defendants arises from their contract, and it is upon that the action is really founded. The language of the statute is not broad enough to clearly embrace such a case, and it cannot be extended by construction."

We are of the opinion that under the facts disclosed in this record, even if the acts of the son were chargeable to appellant under the family automobile doctrine, the acts of appellant in furnishing to his family the automobile for their accommodation, for which alone appellees hinge appellant's liability,

such act on the part of the appellant does not rest upon a crime, offense, or trespass within the meaning of the exception to the venue statute.

The judgment is reversed, and here rendered, sustaining appellant's plea of privilege, and directing the venue of this cause be changed to the district court of Rockwall county, Tex.

Reversed and rendered, with instructions.