## JARVIS–TULL & CO. v. WILLIAMS.

### No. 13660.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 28, 1938.

Rehearing Denied April 1, 1938.

Cantey, Hanger & McMahon and J. A. Gooch, all of Fort Worth, for appellant.

Mathis & Caldwell, of Wichita Falls, and James Spiller, of Panhandle, for appellee.

SPEER, Justice.

This is an appeal from an interlocutory judgment by a district court of Wichita county, overruling a plea of privilege.

Suit was instituted in Wichita county, Tex., by E. P. Williams against Jarvis-Tull & Co., a private corporation, having its domicile in Hale county, Tex., and Walter Hembree, also a resident of Hale county, Tex. Others were made parties defendant, but were dismissed from the case before a hearing was had.

The parties will be hereinafter referred to as they appeared, under the pleadings in the trial court.

As applicable to the question before us, plaintiff's cause of action was alleged to have grown out of a collision between defendant Jarvis-Tull & Co.'s truck and that of plaintiff, on a public highway in Wichita county. Allegations are made that defendants were engaged in the joint enterprise of hauling by truck certain produce from Hale county to Houston, Tex., when the cause of action arose; that the truck in which the merchandise was being transported was registered in Hale county in the name of the defendant company, and was being driven by defendant, Hembree, who was interested with his codefendant in the enterprise, but that he had full charge and control of the truck and its contents, and was acting within the scope of his authority in so driving said truck while upon the discharge of his duties for the use and benefit of himself and his codefendant; that said Hembree was in pursuance of said joint adventure between himself and his codefendant here.

Briefly, the negligence of defendants, resulting in plaintiff's damages, was alleged to be, in substance, that on August 11, 1936, in Wichita county, Tex., the said Hembree, while acting within the scope of his authority, negligently drove said truck along said public highway, swerving same from one side of the road to the other; that immediately prior to the time the collision occurred, he swerved said truck onto the left-hand side of the road and struck plaintiff's said truck with terrific violence, which acts were the direct and proximate result of the damages sustained by plaintiff. Allegations were made that plaintiff was driving in a lawful and careful manner on his right-hand side of the road, and that in an effort to avoid being struck, had pulled far enough to the right that his wheels were off the pavement on that side; that as a result of the negligence of defendants, and each of them, acting jointly and severally, their agent, servant, and employee, as above set out, the plaintiff was damaged; then follows the alleged nature of his injuries, and the respective amounts of his damages.

Both defendants filed pleas of privilege to be sued, if at all, in Hale county, the place of their respective residences.

The pleas were timely controverted, in which similar allegations were made to those in the original petition; the latter being made a part of the controverting affidavits. The plaintiff asserted in his pleadings to defendant's claim of privilege that the court had venue especially under subdivisions 9 and 23 of article 1995, Rev.Civ. Stats.

Subdivision 9 is the exception to the general venue statute, when a civil action is based on a crime, offense, or trespass. Subdivision 23 is the exception governing venue when the defendant is a private corporation.

Exception or subdivision 9 to article 1995, R.C.S., reads: *"Crime or trespass.*—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile.'"

We think it unnecessary to go into a discussion of the distinctions that may be urged between the expressions "crime," and "offense" and the associated word "trespass." All may concur in bringing about a right of redress by civil actions. Either or all become only important here in arriving at the question of venue in such a civil action. It is well settled in this state, however, that, if venue is claimed under this exception, such crime, offense, or trespass must be of an active nature as contradistinguished from a mere omission to do some particular thing. 43 Tex.Jur. p. 735, § 22, and authorities there cited. The issue before us is based upon positive action alleged to be by defendants, resulting in damages to plaintiff, which, if true, would constitute both a crime and a trespass. The charge being that defendants operated the truck on the left-hand side of the public highway, an offense as well as a negligent act, thereby proximately causing the damages sustained by plaintiff.

Subdivision A of article 801, Penal Code of this state, provides, among other things, as follows: "On all occasions the driver or operator of any vehicle on any public high-

way shall travel upon the right hand side of such highway unless the road on the left hand side of such highway is clear and unobstructed for a distance of at least fifty yards ahead."

The testimony adduced upon the trial showed without dispute that on about the date alleged plaintiff was traveling on a public highway in Wichita county, at about 4 o'clock in the morning; that he was driving at a lawful rate of speed on his right-hand side of the road; that a truck driven by defendant, Hembree, approached from the opposite direction, and was swerving from first one side to the other of the road; that when within about 30 feet of plaintiff's truck, the approaching one suddenly drew to its left-hand side into the immediate path of plaintiff's car, and plaintiff, endeavoring to avoid a collision, pulled heavily to his right and went partly off the pavement, when defendants' truck struck and demolished plaintiff's car and injured plaintiff, in the manner alleged. The testimony offered disclosed that damages followed, the amount of which we are not here concerned about. The testimony further showed that the offending truck was registered in Hale county, Tex., in the name of the defendant corporation; the president of the defendant corporation testified it had never transferred the truck to any one; he further testified that his company had sold the truck to a man named Stonebolt, on a charge account; that no mortgage or sales contract was taken or entered into; that Stonebolt had made some payments on the truck; that when the wreck occurred, Stonebolt wired the witness of the accident and told him he better go and get it; the witness did so; he further testified that he knew nothing of what was being hauled in the truck at the time of the wreck; and that his company was in no way interested in who was driving it or what was being hauled.

■ The quantum of proof necessary for plaintiff to overcome the prima facie right of transfer under a plea of privilege has been the subject of much writing by our appellate courts; but the rule seems to be well settled that the nature of the exception relied upon is controlling in each case. When exception No. 9 is relied upon by a plaintiff, it is required of him to offer testimony sufficient to make a prima facie case; that is, enough testimony that upon a final trial a probable recovery will be had. First Natl. Bank v. Childs, Tex.

Civ.App., 231 S.W. 807, 808, writ of error refused. In the last case cited, venue was the issue under circumstances similar to those before us, and, among other things, the court said: "In such a proceeding it is not necessary to prove all the elements finally fixing liability upon the defendants. It was sufficient for the plaintiff to plead a cause of action, and to prove that it arose in whole or in part in the county where the suit was brought, or that the alleged trespass was committed there. At most, it was only necessary to show a probable recovery."

The case of Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, involved venue based on exception No. 9, and to our mind is one in which the subject is more fully discussed than those which preceded it. It was there held, that to sustain venue outside the county of defendant's residence, when the privilege is claimed under a plea, testimony must be offered to show: (1) The facts, conferring venue where the suit is filed, do in fact exist; (2) if exception No. 9 is relied upon, venue facts necessary to plead and prove are that a crime, offense, or trespass was in fact committed, and that it was committed in the county where the suit is pending; and (3) these issues made by the pleadings and testimony are tried and heard in the ordinary way, and the truth as to the facts is determined by the weighing of evidence adduced by the parties.

■ In the case before us, plaintiff met, upon the trial, all the requisites laid down by the Supreme Court in such cases. He pleaded and proved without contradiction that the crime and trespass were committed in Wichita county, and that they resulted in his damages. That the defendant, Hembree, was driving the truck which caused his injuries, and that Hembree was violating a provision of the Penal Code of Texas when the collision occurred. The testimony offered to connect defendant Jarvis-Tull & Co. (the corporation) with the transaction consisted of proof that the truck was registered in Hale county in the name of that corporation, and that it had not been transferred to any one else.

Article 6685, R.C.S., provides that when any person, not a dealer, sells a motor vehicle subject to registration, he shall indorse upon his certificate of registration a written transfer of the same. By article 1434, Penal Code of this state, a failure upon the part of a seller of a secondhand motor vehicle, which is subject to registration, to

indorse a transfer thereof on his certificate of registration to the purchaser, is subject to a maximum fine of $2,000, or may be imprisoned for one year.

The president of defendant corporation testified his company had sold the truck on a charge account, prior to the accident, but that no transfer was made to the purchaser; that when the wreck occurred, the company sent and got the truck without any process of law; when asked what process of law, if any, was used to enable him to repossess the truck, he answered: "Just my truck; he (Stonebolt) told me where it was." The trial court heard the testimony, and, having weighed it all, concluded the ownership of the truck was in the defendant corporation; he evidently declined to believe that the corporation had violated the law in making a sale of the truck and not having made proper transfer to the purchaser; he also was warranted in lending some significance to the expression by Jarvis that it was "just my truck." The testimony further showed that Hembree was in possession of and using it when the trespass occurred in Wichita county; under the allegations that Hembree and his codefendant were engaged in a joint enterprise, that of transporting merchandise in the truck, the facts established were sufficient for the court to conclude that Hembree was lawfully in possession of and using his codefendant's truck in a way mutually beneficial to both, when the trespass was committed.

The defendant Jarvis-Tull Company alone has appealed from the ruling of the trial court. In its brief, the question of the sufficiency of the testimony is not challenged, except in so far as it does not disclose that the appealing defendant is shown to have been present and participating in the "crime, offense and trespass." It is further contended that because there was testimony to the effect that Hembree was on a mission of his own and one in which the defendant company had no interest, the plea should have been sustained. The latter contention was resolved against the appealing defendant, and, there being testimony of probative force to support the judgment, we cannot disturb it. Elliott v. Compton, supra.

The defendant presents two authorities in support of its contention that in no event could it be held in Wichita county against its plea of privilege, in the absence of testimony that it was present and actively participated in the crime, offense, and trespass; they being Murray v. Jones, Tex.Civ.App., 56 S.W.2d 276, 277, in which it is said by counsel a writ of error was denied by the Supreme Court, but in this we think they are in error. The San Antonio Court of Civil Appeals, in the last-cited case, made a statement in that opinion which supports defendant's contention. It was there said: "It has been definitely settled, and rightfully so, that an action for injury or death caused by negligence, passive or active, cannot be sustained as an action upon an offense, crime, or trespass under the venue statute, unless it affirmatively appears that the defendant acted in person and not by agents." Cases by the Supreme Court are cited as supporting the holding; we have examined these cases and find that under the facts there discussed, in our opinion, they do not support the broad statement made by the Court of Civil Appeals. A further examination of the opinion last cited discloses that it really turned upon the well-settled rule of law in this state that the acts complained of as being a crime and trespass were not in fact such, but were passive acts or acts where a party had omitted to do a duty, such as stopping his car on a highway and so remaining until another actively ran his motorcycle into it. Then, again, if the rule as announced by that court should prevail, no corporation could ever be held under that exception to the venue statute, for the reason it could not act in person, nor could it be present and participate in the wrongful act; and would never be responsible for the acts of its agents, through whom it can only act in any matter. The Dallas Court of Civil Appeals, in case of Seabolt v. Goforth, 80 S.W.2d 1051, declined to follow the rule as quoted from Murray v. Jones, supra. The holding in the Murray v. Jones Case, supra, is explained by the Beaumont Court of Civil Appeals in Claer v. Oliver, 62 S.W.2d 354, as being not applicable to venue claimed by virtue of a trespass, but limited to one alleging a crime or offense in which there can be no accomplices. This explanation is supported by the authorities relied upon in that case. Likewise, in Sproles v. Copeland, 67 S.W.2d 1076, 1077, the Waco Court of Civil Appeals said of the Murray v. Jones Case: "We are inclined to believe that the court did not give its usual careful consideration to some of the expressions contained therein." In James v. Meredith, 101 S.W.2d 866, the Austin Court of Civil Appeals also declined to follow the broad principle announced in Murray v. Jones, supra, but draws the dis-

tinction between criminal acts not amounting to an active trespass and such acts which have the opposite effect, and says the broad announcement there made, and relied upon by defendant here, was dictum; showing that the case was really tried upon the other point mentioned by us in another part of this discussion.

The other case relied upon by the appealing defendant here is Henderson Grain Co. v. Russ et al., 122 Tex. 620, 64 S.W.2d 347, 352. In a lengthy opinion answering certified questions, the court used this language, which is favorable to appellant's contentions: "To our minds under this subdivision [No. 9] alone a nonresident defendant cannot be sued outside the county of his residence unless he has participated in the crime, offense, or trespass in the county where the suit is filed." In that case, however, the opinion clearly shows that it was an action against several parties in which it was claimed large quantites of wheat had been converted; that plaintiff had stored over 100,000 bushels of wheat with one grain company in the county where suit was filed; that that company sold the wheat in designated lots to the other named defendants, after it had been shipped out of the county; that each transaction with the storing company was an independent one outside the county; and that under the facts those claiming their privilege did not participate in the conversion in the county where the suit was instituted. Under such a state of facts, the expression used by the court was clearly proper, but could not be applied to the instant case.

Many times, under facts such as we have for consideration, our courts have held to the reverse of defendant's contention here, in some of which by the Courts of Civil Appeals the Supreme Court has given its approval by refusing writs of error.

In Campbell v. Wylie, Tex.Civ.App., 212 S.W. 980, by the Texarkana court, in which the writ was refused, it was said: "And under the above rule it is thought that suit may be brought in the county where the injury occurred, against whoever negligently, as alleged, drives an automobile whereby another is run over and killed. And the appellants could be sued in the county where the trespass was committed by the alleged agent, acting within the scope of his authority. Carver Bros. v. Merrett [Tex.Civ. App.], 184 S.W. 741."

In Schuller v. Fears, Tex.Civ.App., 67 S.W.2d 343, in which a writ of error was denied, very similar facts were before the court, and the identical contention was urged as that presented here. The court held against such contention and gave many of the reasons, mentioned by us in this opinion, for so holding. In Barnes v. Moro, Tex. Civ. App., 76 S.W.2d 831, 832, it is said by the court in stating the case: "Appellant contends that in order to maintain venue in the county in which a suit for damages for trespass is pending, when such venue is challenged by a proper plea of privilege, the plaintiff must allege and prove affirmatively that such trespass was committed by the defendant in person, or that he instigated, participated in, or ratified the acts of his agent in committing the same." The court overruled the contention and cited many authorities to which we here refer. See, also, American Fidelity & Casualty Co. v. Windham, Tex.Civ.App., 59 S.W.2d 259; McDaniel v. Woodard, Tex.Civ.App., 70 S. W.2d 765; Vaught v. Jones et al., Tex.Com. App., 17 S.W.2d 779. Under the rules announced in the foregoing authorities, and for the reasons stated above, we overrule the assignments of error presented.

We believe the testimony offered is sufficient to establish a prima facie case in support of plaintiff's alleged cause of action in Wichita county. The testimony tending to connect the appealing defendant with the trespass may be said to be the weakest point in the case. We have carefully considered the facts proved and the weight accorded it by the court who heard it and hold it is sufficient. Younger Bros. v. Power, Tex.Civ. App., 92 S.W.2d 1147; First Natl. Bank v. Childs, supra; Reilly v. Buster et al., Tex. Civ.App., 52 S.W.2d 521.

For the reasons herein set out, we conclude that the judgment of the trial court should be affirmed, and it is accordingly so ordered.