### RADEBAUGH v. KELLOG et al.

### No. 1988.

Court of Civil Appeals of Texas. Waco.

March 3, 1938.

Rehearing Denied March 31, 1938.

Naman & Howell, of Waco, for appellant.

McClellan, Lincoln & Jones, Orville Jobe, Jos. W. Hale, and Sleeper, Boynton & Kendall, all of Waco, for appellees.

GALLAGHER, Chief Justice.

This appeal is from an order overruling a plea of privilege. The parties will be designated as in the trial court. The plaintiff, P. S. Kellog, sued defendants, W. H. Radebaugh, Harriet Hubbard Ayer, Inc., and R. E. Cox Dry Goods Company, a partnership composed of R. E. Cox, R. A. Cox, and V. M. Cox, to recover damages for injuries which he alleged were sustained by his wife, Mrs. Jewel Kellog, as a result of both active and passive negligence on the part of each and all of the defendants. Plaintiff alleged that the several members of the firm of R. E. Cox Dry Goods Company resided in McLennan county; that said Harriet Hubbard Ayer, Inc., was a foreign corporation; that Radebaugh was its agent in the state of Texas; and that he resided in Dallas county. Radebaugh alone filed a plea of privilege. The next day the case, on the petition of Harriet Hubbard Ayer, Inc., was removed to the federal court. Order of that court remanding the cause was filed in the court below March 27, 1937. Affidavit controverting said plea of privilege was filed by plaintiff the next day, presented to the trial judge, and hearing thereon set by him for April 16, 1937. Such hearing, however, was actually had on April 30,

1937. The reason for the delay is not shown.

Plaintiff, in his controverting affidavit, sought to maintain venue in McLennan county on the ground that the negligent acts alleged to have been committed by Radebaugh constituted a trespass, and on the further ground that such suit was lawfully maintainable in McLennan county under the provisions of article 1995 of our Revised Statutes, and that Radebaugh was a necessary party thereto within the meaning of subdivision 29a of said article. Plaintiff made his first amended petition a part of his controverting affidavit.

The testimony submitted was very brief. Plaintiff's wife and her sister had gotten off an elevator in the store of said Dry Goods Company and started toward a door opening upon the street. The aisle along which they were passing was narrow. They were walking side by side when they saw defendant Radebaugh standing by a counter on one side, talking to the saleslady behind the same. They swerved to avoid striking him, and as they did so, plaintiff's wife came in contact with an obstruction on the other side of the aisle, which proved to be two suit or sample cases against or near the counter on that side. Said cases together were about fourteen inches wide. There is no direct testimony tending to explain their presence at said place, except the statement of Radebaugh, made at the time, that they belonged to him. Contact with said obstruction resulted in a considerable shock to plaintiff's wife and a serious injury to her leg.

■ The testimony is insufficient to sustain venue on the ground that the defendant Radebaugh committed a trespass upon plaintiff's wife. Conceding that his admitted ownership of the cases and his close proximity thereto at the time are sufficient facts to support an inference that he placed or caused them to be placed in the position described, it seems that such act of obstruction, if negligent, was fully completed before plaintiff's wife arrived on the scene, and that she precipitated the accident by walking onto or against the same. Radebaugh's connection with the accident was similar to the case of a motorist who unlawfully parks his car in the roadway and leaves it there and another motorist runs into it and is thereby injured. It is held in such cases that the offending motorist has not committed a trespass. Murray v. Jones, Tex.Civ.App., 56 S.W.2d 276, 277, par. 2, and authorities there cited.

■ The testimony as a whole is insufficient to show that plaintiff had a cause of action, lawfully maintainable in said county, against either of the other defendants to which defendant Radebaugh was a proper or necessary party. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S. W.2d 1300, pars. 3 and 6; Fenner & Beane v. Lincoln, Tex.Civ.App., 101 S.W.2d 305, 309, pars. 8 and 9; Bender v. Armstrong, Tex.Civ.App., 59 S.W.2d 451; Id., Tex. Civ.App., 88 S.W.2d 778, 779, pars. 5 and 6, and authorities there cited.

The judgment of the trial court is reversed, and the plea remanded for further hearing.