## SHERROD et al. v. BIRD.

### No. 5336.

Court of Civil Appeals of Texas. Amarillo.
Oct. 6, 1941.

Rehearing Denied Nov. 3, 1941.

Bradley & Wilson and Bean, Evans & Bean, all of Lubbock, for appellants.

T. L. Price and Joe S. Moss, both of Post, and Crenshaw, Dupree & Milam, of Lubbock, for appellee.

STOKES, Justice.

This is an appeal from an interlocutory order overruling appellants' pleas of privilege. The pertinent facts are that in the Spring of 1939 appellants sold to appellee a butane gas system and contracted to install it at his ranch home in Garza County. Appellants resided in Lubbock County and, through their employees, installed the system in Garza County in March, 1939. It became necessary to make adjustments after the plant had been installed, and the last acts of appellants in completing the installation and adjustments were performed in April, 1939.

On the 13th of October, 1939, about nine o'clock in the evening, it was discovered that the blaze in the burner under the water heater in the basement had become extinguished and Mrs. Allen Bird, who was the wife of appellee, went to the basement for the purpose of relighting it. Upon arriving in the basement she struck a match and an explosion instantly followed, from the effects of which Mrs. Bird received serious injuries which caused her death within a few hours.

Appellee, on behalf of himself, his two minor children, and J. F. Gray and Mattie Gray, the latter being the father and mother of Mrs. Bird, filed this suit for damages in the District Court of Garza County.

Appellants filed pleas of privilege in conventional form in which they alleged their places of residence to be at Lubbock, in Lubbock County, and prayed that the cause be transferred to the district court of that county. Appellee filed controverting affidavits in which he alleged that venue had properly been laid in Garza County because appellants were grossly negligent at the time they installed the butane gas system, particularly the water heater in connection with it. He alleged that he contracted for a water heater which carried a guaranty of twenty years, but appellants first installed a heater with a guaranty of only ten years; that in substituting a heater with a guaranty of twenty years for the one originally installed, appellants were grossly negligent in carelessly and negligently handling the pipes, attachments and fittings thereof and in using such force in connection with the pipes and fittings as to break and crack the same and the parts into which they were fitted so that the butane gas escaped therefrom and accumulated in the basement. He alleged that the accumulated gas was ignited when Mrs. Bird attempted to relight the burner under the water heater and that her death and the injuries and damages to appellee and those for whom he sued had thus resulted from a trespass and that venue was properly laid in Garza County, where the trespass was committed, under the provisions of Sub. 9, Art. 1995, of the Revised Civil Statutes of 1925.

The issues made by the pleas of privilege and controverting affidavits were heard by the court on November 15, 1940, and resulted in an order and judgment of the court overruling the pleas of privilege, to which appellants duly excepted and from which they have perfected an appeal.

Appellee seeks to maintain the venue of the case in Garza County upon the ground that appellants were under the duty to install the butane gas system and water heater so that gas would not escape therefrom and that their failure so to install the same constituted misfeasance and, therefore, was a trespass under the subdivision and article above mentioned. He contends further in this connection that the acts of appellants' employees in handling the pipes connected with the water heater so as to crack and

break the same and permit the escape of gas therefrom was an affirmative act of negligence and, therefore, a trespass as contemplated by the statute.

It has been the settled law of this state since the statute was enacted that, in order to constitute a trespass and fix the venue of causes of action, such as this, in the county where the trespass was committed, the act must be committed willfully or the injury inflicted intentionally though, of course, the intent to injure may be presumed from the inflicting of the injury by a wrongful act as distinguished from an act carelessly done or omitted to be done. Much confusion has arisen, however, under the varied facts presented by the many cases that have been decided by our courts. We are unable to agree with appellee in his contention that, because there was a duty resting upon appellants properly to install the gas system, this case is distinguished from those involving collisions with trucks and other vehicles negligently left standing upon the highway. In the case of Dixon v. McDonald, Tex.Civ.App., 130 S.W.2d 884, the plaintiff was a patron of a skating rink owned by McDonald and his injury resulted from his coming in contact with a box or obstruction negligently placed or left upon the skating rink floor by those in charge of its operation. The Court of Civil Appeals of the Ninth District held that the facts developed were evidence of passive negligence as distinguished from active negligence and did not raise the issue against the defendant of trespass. In that case there was a direct duty resting upon the owner of the skating rink to furnish the plaintiff a safe place of recreation and in our opinion the court properly held that even though such duty existed, the act complained of by the plaintiff in the case did not constitute a positive act of negligence or misfeasance and, therefore, a trespass, as contemplated by the venue statute which appellee here seeks to invoke.

In the case of Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645, the plaintiff was an employee of the defendant engaged in construction work in Dallas County. He alleged that, while he was working upon a pile-driver used in the construction work, through the negligence of one Greenfield in failing to fasten a guy-rope at the proper time, he was thrown to the ground and injured. Although a contractual relationship existed between the parties and the defendant owed to the plaintiff a duty thereunder, the learned Justice Gaines, speaking for the Supreme Court, said:

"In the present case the alleged wrong consists in the negligent omission by the defendants' representative to do an act which it was his duty to do. Is this a 'trespass' within the meaning of the statute? We think not. The words, 'where the crime, offense, or trespass was committed,' indicate that the word 'trespass' was intended to embrace only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty."

This rule has been followed by our courts without exception as far as we know and the specific holding was reiterated by the Supreme Court in the late case of Meredith v. McClendon, Chief Justice, 130 Tex. 527, 111 S.W.2d 1062.

In our opinion, the relationship of the parties is not material and has nothing to do with the question of whether or not the act of negligence alleged constitutes a trespass.

In the case of Murray v. Jones, Tex.Civ. App., 56 S.W.2d 276, 277, Jones brought suit in the district court of Bexar County against Murray for damages arising by reason of personal injuries received by him in a collision between a motorcycle, on which he was riding, with Murray's automobile. He alleged that he was a traffic policeman and was following Murray's automobile which was being operated by the latter's chauffeur at an unlawful rate of speed, and that the Murray car stopped suddenly in the center of a narrow street adjacent to the city of San Antonio. He alleged that his motorcycle skidded into the rear of Murray's car and serious personal injuries to him resulted from the collision. Murray filed a plea of privilege and Jones sought to hold the venue of the case in Bexar County under the provisions of Art. 1995, § 9, commonly referred to as our trespass statute. Justice Smith, speaking for the Court of Civil Appeals of the Fourth District, in passing upon the issues made by the plea of privilege and controverting affidavit, said:

"Moreover, we are of the opinion that under the facts alleged, even if the acts complained of were chargeable to appellant instead of his agent, the action does not rest upon a crime, offense, or trespass within the meaning of the ninth exception to the venue statute. The accident was not immediately caused by any active negligence

of appellant's agent, but rather by appellee's own act in running his motorcycle against appellant's parked car. If the latter had been previously operated at an unlawful rate of speed, or brought to an unlawfully sudden stop, in the absence of a lawful signal, at an unlawful place—those unlawful acts had been fully completed, whereupon appellee himself precipitated the accident by rushing his motorcyle against appellant's parked car."

A reading of the opinion will disclose that Jones, the policeman, could not have avoided striking Murray's automobile, and the opinion is not based upon any deliberate or negligent act of the policeman but rather upon the fact that any trespass or crime that may have been committed by Murray or his chauffeur had already been committed and completed before the accident occurred. Although it could not have been more than a mere instant which elapsed between the stopping of the Murray car and the collision, yet the court held that the suit was not based upon a trespass as contemplated by the venue statute.

 Applying the rule here as it was applied in the Murray-Jones case, we must conclude that the instant suit does not fall within that class of cases contemplated by the trespass subdivision of our venue statute. The facts alleged and proven upon the hearing of the pleas of privilege are to the effect that appellants entered into a contract with appellee under which they obligated themselves to install a butane gas system, including a water heater. Under the heater was a gas burner which was fed from the gas tank by means of pipes and regulated by valves. One of these valves was at or near the thermostat at one end of a short pipe on the heater, and the other was near the burner. In substituting the twenty-year heater for the ten-year heater that had originally been installed, the burner and a short pipe of the latter were placed in the new one and, in order to make them fit, it was necessary to bend this pipe and use force to insert it into the connection between the valves. It is deducible from the evidence that, in bending the pipe, cracks or crevices were made and the gas which accumulated in the basement escaped through these cracks or crevices. The injury to Mrs. Bird was not caused by the act of appellants' employees in bending the pipe, but was the result of gas escaping through the crevices after the gas system, including the water heater, had been installed. Its immediate cause was the act of Mrs. Bird in striking the match with which to light the extinguished burner under the water heater. Like the acts of negligence charged in the Murray-Jones case, supra, the acts of appellants in furnishing the gas system and of their employees in bending and inserting the pipe had been fully completed before the force was set in motion which caused the injury and death of Mrs. Bird. It was, therefore, not the acts of active negligence which injured Mrs. Bird, but her injuries resulted from passive negligence, according to the allegations, which constituted nonfeasance and, therefore, not a trespass as contemplated by the statute. Brown v. Calhoun, Tex.Civ.App., 22 S.W.2d 757; Rigby v. Gaines, Tex.Civ.App., 6 S.W.2d 422; Brooks v. Hornbeck, Tex.Civ.App., 274 S. W. 162; Connor v. Saunders, 81 Tex. 633, 17 S.W. 236; Radebaugh v. Kellog, Tex. Civ.App., 114 S.W.2d 1191; Jacobson v. Berwick, Tex.Civ.App., 289 S.W. 1035; Justin McCarty, Inc., v. Ash, Tex.Civ.App., 18 S.W.2d 765.

 In the case of Connor v. Saunders, supra, Saunders brought the suit in the district court of Grayson County against Connor, Oliver and F. O. Brown for damages resulting from personal injuries sustained by him while in the employment of the defendants and engaged in constructing a system of water works for the city of Sherman. The defendants filed pleas of privilege, Brown alleging that his residence was in Tarrant County. A plea in abatement and special exceptions were also filed by the defendants claiming their privilege under the law to be sued in the counties of their residence. The petition alleged that none of them resided in Grayson County but the plaintiff contended that venue of the suit was properly laid there under the provisions of our venue statute which permits the suit to be brought in the county in which a crime, offense or trespass was committed. It was shown by the allegations and proof that the plaintiff Saunders and the defendant Brown were doing the work; that Brown was at the top of a well into which some pipe was being lowered by means of a derrick in the top of which was a pulley over which a rope passed from the windlass being operated by plaintiff to the center of the pipe which was being let down into the well. At or near the center of, and around the pipe, another rope had been wound and fastened which constituted a hold for a hook attached to the end of the pulley-rope so that the pipe could be lifted and lowered by means of the pulley-

rope and windlass. It was alleged that Brown was directing the lowering of the pipe into the well and attending to the rope which was fastened about the middle of the pipe; that when the pipe had been lowered about half of its length into the well so that the portion of it to and around which the rope was attached had reached about the mouth of the well, Brown, without any warning to plaintiff, "loosened the hold of said rope on said pump pipe, or said rope was improperly tied to said pipe, and gave way so as to allow said pump pipe to rapidly and with great force descend into said well until the set collar attached to and being the upper end of said pump pipe reached the end of the rope attached to the pipe and suddenly stopped the further descent of said pump pipe and the stopping of it * * * wrenched the crank of said windlass from the plaintiff's grasp and the said windlass revolved with great force and rapidity" which struck the plaintiff and caused the injury and damage for which he sued. The Supreme Court, in passing upon the questions raised by the plea of privilege, said [81 Tex. 633, 17 S.W. 237]:

"We are of the opinion that the allegations of the petition taken as true show that the plaintiff was injured either on account of the negligence of the defendant company in not providing suitable machinery or appliances, etc., or on account of the negligent omission of Brown to perform some duty, as specified in the petition, incumbent upon him. It is to be observed that the specific charge against Brown is in the alternative. It is not positively alleged that he 'loosened the hold of the rope,' nor that the mere 'loosening' the rope was wrongful. It became so only because he gave no warning. The effect of the allegation is that he 'loosened the hold of the rope, or it was improperly tied to the pipe.' The petition does not inform us, therefore, whether Brown did any direct act at the time leading to the injury. We regard the allegations here made relating to the conduct of Brown as constituting in law no more than negligent omissions to properly perform his duties towards the plaintiff, and therefore of the same character as the acts or omissions of the other defendants which we have already determined."

As held in that case the question always is whether or not a trespass has been committed. To constitute a trespass as used in the statute something more than mere negligence must be shown. Conceding for the purpose of this discussion that negligence is shown by both the allegations and the proof, it is evident that the additional essential is absent, viz., that the injury to Mrs. Bird which resulted in her death was inflicted by that act. Like the facts revealed in the case of Murray v. Jones, supra, the acts of appellants and their employees which contained positive and affirmative features necessary to constitute a trespass had been fully completed before the injury to Mrs. Bird was inflicted. Her injuries resulted from her unfortunate act in striking the match to light the burner under the water heater and was wholly independent of the positive acts of appellants and their employees.

Appellee makes the further contention that, he and Mrs. Bird being inexperienced and ignorant of the nature of butane gas, it was the duty of appellants to install the water heater in a safe place, and that the basement of their residence was not safe, but a dangerous place in which to install a butane gas system or water heater that was to be operated by the use of that substance and that, under the circumstances, the act of appellants in so installing the system in the basement was an affirmative act of negligence. This contention is, we think, fully disposed of by what we have already said with reference to the manner in which the gas system and pipe were installed.

A further contention is that, through the system which they installed, appellants furnished gas that had not been contaminated by a malodorant of such nature as to make its escape known to the occupants of appellee's home by the unpleasant odor of such malodorant, as provided by orders and regulations of the Railroad Commission and, therefore, the provisions of the venue statute with reference to the suit being based upon a crime committed in Garza County are applicable. Even if the evidence had been sufficient to establish these allegations of appellee, the question has been settled against his contention by the holding in the case of Murray v. Jones, supra, and other cases. But the testimony is wholly insufficient to establish the contention. The only witness who testified with reference to the absence of a malodorant was appellee, Allen Bird, and his testimony was merely to the effect that he had not discovered any gas about the premises nor smelled any odor that suggested gas was escaping from the plant. Manifestly, this was not sufficient to establish the fact that the gas furnished did not contain a malodorant.

We have carefully investigated the contentions of the parties and, in our opinion, the court below erred in overruling appellants' pleas of privilege. The judgment will, therefore, be reversed and the trial court instructed to sustain the pleas of privilege and transfer the case for trial to one of the district courts of Lubbock County.