## STALLINGS v. WHISENANT.

No. 13176.

Court of Civil Appeals of Texas. Dallas.

Jan. 30, 1942.

Rehearing Denied March 13, 1942.

560

O. B. Fisher, of Paris, for appellant.

Webb & Webb, of Sherman, for appellee.

LOONEY, Justice.

This is an appeal from an order of the trial court, overruling appellant's plea of privilege. Fred Whisenant, appellee, brought this suit against Eugene Clifton Stallings, the appellant, a resident of Lamar County, Texas, to recover damages for personal injuries received in Grayson County as the result of appellant's alleged active negligence. By proper plea, appellant urged his privilege to be sued in the county of his residence, which was duly contested by appellee, claiming the right to maintain the suit in Grayson County under Exception 9 to the general venue statute. (Art. 1995 Vernon's Ann.Civ.St.), contending that appellant's acts and conduct, complained of, constituted active negligence, hence a trespass, within the meaning of the exception invoked. After hearing evidence, the court overruled the plea, to which appellant excepted, gave notice of and perfected this appeal.

The salient facts are these: Appellant, a resident of Lamar County, Texas, had a contract to furnish all material and labor and roof a building being erected at Southmayd, Grayson County; in other respects, the building was being constructed by other contractors. The work of roofing was under the direction of a Mr. Wehunt, appellant's foreman, who was authorized to employ necessary help as the occasion demanded. Appellee, having been employed by Wehunt, assisted in the work of roofing, and after completing the roof proper, it seems that, under the direction of Wehunt, appellee engaged in placing roofing material on the walls of the building at the gables; and, while thus engaged, the scaffold, 15 to 18 feet high, upon which he worked, collapsed, throwing him to the ground, injuring him in the respects set out in detail in the pleadings.

The negligence alleged, in substance, was that appellant failed to discharge his duty

to furnish a reasonably safe scaffold, and in ordering and permitting appellee to go upon the scaffold in its unsafe condition, being the proximate cause of the accident.

■ Appellant contends that the court erred in overruling his plea, in that, the evidence failed to show that he had any connection with the work at which appellee was engaged at the time he was injured. This assignment is overruled. Without assembling the evidence bearing upon this point, we simply say, in our opinion, the evidence tended to show, and warranted the conclusion that, at the time appellee was injured, he was an employe of appellant, and was directed by his foreman, Wehunt, to go upon the scaffold and engage in the work of roofing the walls of the building at the gables.

■ Appellant also contends that, the court erred in overruling his plea and in not changing the venue of the cause to Lamar County, because it was not shown that he was guilty of active negligence, equivalent to a trespass, within the meaning of Exception 9 to Article 1995, proximately causing appellee's injuries. Although the word "trespass," as used in Exception 9, has been held to include negligence of an active nature, yet we do not think the mere failure to discharge a duty, although such failure may be negligence, is the equivalent of a trespass within the meaning of the statute. See Vaught v. Jones, Tex.Civ.App., 8 S.W.2d 800; same case by the Commission of Appeals, 17 S.W.2d 779; Seabolt v. Goforth, Tex.Civ. App., 80 S.W.2d 1051; Douglas v. Williams, Tex.Civ.App., 83 S.W.2d 686.

■ We deem it proper to state in this connection that there was no evidence showing who constructed or owned the scaffold, however, we do not think that a matter of any importance, as the gravamen of the charge of negligence consisted in furnishing, and requiring appellee to use, an unsafe appliance. It is elementary, we think, that an employer is charged with the duty of using reasonable care in furnishing his employes with tools, implements and appliances reasonably safe for the use for which they were intended, and a failure to discharge such duty would constitute actionable negligence, should an employe be injured as the proximate result thereof; but we do not think the failure to discharge such duty would be active negligence, as that term is understood in

this connection. Appellee insists, however, that although the failure of appellant to furnish a reasonably safe scaffold would constitute simply passive negligence, yet, as such failure was connected with an order given appellee by Wehunt (appellant's manager in charge of the work), to go upon the scaffold and work on the gables, that active negligence, equivalent to a trespass, was shown, hence appellee was entitled to maintain the suit. in Grayson County where the alleged trespass was committed; in other words, the insistence is that the ordering of appellee upon the scaffold transformed into active negligence, acts and conduct that otherwise constituted simply passive negligence. We cannot accept this reasoning. In every such transaction, necessarily, there is implied an order or command to the employe to use the tools, implements, or appliances provided by the employer to accomplish the purposes intended, and the fact that in a particular instance, that which is implicit becomes explicit, would not, in our opinion, have the effect of transforming passive into active negligence; hence, we do not think it can be correctly said that a cause of action arising therefrom was based upon a trespass within the meaning of the statute under consideration.

It follows that we are of opinion the trial court erred in overruling appellant's plea of privilege, hence the judgment below is reversed and judgment is here rendered sustaining the plea, and changing the venue of the cause, from the District Court of Grayson County, to a court of proper jurisdiction of Lamar County; therefore, the case is remanded to the court below, with instructions to the clerk to make up a transcript of the orders in the cause, certifying thereto officially, and send same with the original papers in the cause to the Clerk of the District Court of Lamar County.

(The writer is of opinion, but in this the majority does not concur, that the decision in the instant case is in conflict with the opinion of the Austin Court of Civil Appeals in Page v. Schlortt, 71 S.W.2d 886, and that the question of law involved in the conflict should be certified to the Supreme Court for adjudication, in accordance with Supreme Court Rules of Civil Procedure, Rule No. 462.)

Reversed and rendered for the appellant, and remanded with instructions.