## ODOM v. PARKER et al.

### No. 2543.

Court of Civil Appeals of Texas. Waco.

June 24, 1943.

R. T. Bailey, of Dallas, and Black, Graves & Stayton and Hart & Brown, all of Austin, for appellant.

Scarborough, Yates & Scarborough, of Abilene, and Thompson, Knight, Harris, Wright & Weisberg and Pinkney Grissom, all of Dallas, for appellees.

TIREY, Justice.

This is an appeal from an order (non-jury) overruling plea of privilege of J. M. Odom to be sued in Travis County, the county of his residence.

The judgment is assailed substantially on the ground that the allegation made in the controverting affidavit of an omission to plug and inspect the gas line was insufficient pleading of a trespass within the meaning of our venue statute; that the evidence adduced did not tender the issue of trespass; and that appellee failed to plead and prove trespass within Coleman County. We think that these contentions must be sustained.

Appellee, Margaret Jean Parker, a minor, sustained bodily injuries as the result of a gas explosion at the Coleman Flying School, where she was employed. She brought this suit by her next friend against Odom for damages and alleged that the explosion was caused by the negligence of Odom and his employees. For grounds of negligence she alleged substantially that Odom's employees who were engaged in construction work at the school failed to plug and failed to inspect the gas line which had been opened in the course of such construction work, and that the failure to inspect and to plug the gas line constituted a trespass within the meaning of subdivision 9 of Article 1995, Revised Civil Statutes.

Appellee alleged that the building in which she worked and where she was injured had been built by Odom, who had

built same under contract with the government; that after the job had been completed and accepted by the government an addition was made and two wings were added to said building; that Odom undertook to make said extensions to the building and undertook to install the gas lines the said building was equipped with; that at the time said additional gas lines were installed none of the original plumbing was disturbed except at the north and south ends of said building, where the lines furnishing the new wings were tied into the original gas lines; that the plumber who installed said additional gas lines installed the same before all of the flooring and before all of the carpentry work had been completed; that after said plumber had completed his work he performed the standard test used in determining whether or not there were any leaks in said lines, and that this test showed there were no leaks; that after said plumber had completed this job Odom then undertook to make some changes in the original part of the administration building and removed a partition that separated two rooms and made one big room where there had been two rooms before; that while this construction was being done some of the employees of Odom, acting in the course of their employment, removed a gas line that led from the main line beneath the floor to an outlet that had originally been in or near the partition and failed to plug in the "T" beneath the floor after removing said line; that the line running from the main gas line beneath the floor of said building to the outlet is commonly called a "riser," and the "riser" connected to the main line in a joint, which is commonly referred to as a "T"; that at the time said riser was removed the main valve had been cut off outside the building and the space formerly occupied by the riser was now open, but that the gas did not accumulate under the building because the main valve was closed; that Odom and his employees knew of the highly explosive character of natural gas; that Odom failed to exercise ordinary care in that after all of the construction work was completed it was his duty to have tested the gas line that was used to furnish said Administration Building with gas for heating purposes because he could have anticipated that said gas line might have been damaged or injured to the extent that it might leak or some connection might have been loosened or removed in the construction work that had been performed; that good construction

practice required that said gas lines be checked upon the completion of the job; that a test on said line would have disclosed that gas was leaking from said line and that proper repairs could have been made; that such test was not made and the failure of Odom to make the test constituted negligence, and that such negligence was the direct and proximate cause of the injuries to appellee. By alternative plea appellee alleged that the construction work in connection with the building in question was wholly undertaken by Odom and in some manner said construction work was faulty in permitting gas to accumulate under said building and in permitting said explosion to occur; that the knowledge of the facts surrounding such construction work was wholly within the knowledge of Odom and by reason thereof the doctrine of res ipsa loquitur applies fixing responsibility upon Odom.

For grounds of allegations as to affirmative negligence appellee relies specifically on the following portions of her petition:

"This plaintiff would show, that after the plumber had completed his job that the said J. M. Odom then undertook to make some changes in the original part of the Administration Building and tore out a partition that separated two rooms and made one big room where there had been two rooms before. When the wooden partition above described was removed, some of the employees of the said J. M. Odom, acting in the course of their employment for the said J. M. Odom, removed a gas line that led from the main line beneath the floor to an outlet that had originally been in or near said wooden partition, and said employees failed to put a plug in the "T" beneath the floor after removing said line. * * *

"This plaintiff would show that the employees of the said J. M. Odom were guilty of negligence in removing said riser without putting a plug in the gas line where said riser had been removed."

The controverting affidavit specifically referred to the original petition and made it a part of the controverting affidavit and, in addition thereto, incorporated the foregoing allegations and further alleged:

"This court has venue to try this cause because in removing the 'riser' in question, the servants, agents or employees of the defendant, J. M. Odom, were acting in the course of their employment for the defendant, J. M. Odom, and said conduct a-

mounted to a trespass committed by said employees in Coleman County, Texas. In this connection, this plaintiff would represent to the court that said conduct amounted to active negligence and said active negligence was the direct and proximate cause of the injuries sustained by the said Margaret Jean Parker and as such constituted a trespass against the said Margaret Jean Parker.

"This plaintiff would further show that the employees of the said J. M. Odom were guilty of active negligence in leaving the construction job which they had undertaken to do without first testing the gas line furnishing the said Administration Building with gas. This plaintiff would show that if the employees of the said J. M. Odom had tested said line that the test would readily have shown said leak and the explosion which injured the said Margaret Jean Parker would never have occurred. Said negligence in leaving without making said test being the direct and proximate cause of the injuries sustained by the said Margaret Jean Parker."

 Our view is that the issue of negligence tendered by the pleadings is bottomed upon the failure of Odom and his employees to discharge the duty owed of plugging the hole after the removal of the riser. It necessarily follows that appellee's ground of sustaining venue in Coleman County is likewise bottomed on the allegation that the failure to plug the hole was a trespass. It is clear to us that the pleadings failed to meet the test made by our Supreme Court in Ricker, Lee & Co. v. Shoemaker, 81 Tex. 22, 16 S. W. 645, 646. The rule there announced is: "The words, 'where the crime, offense, or trespass was committed,' indicate that the word 'trespass' was intended to embrace only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty." As we understand the Venue Statute, we think no principle of law is better settled than that a trespass is not committed by an omission to perform a duty. Cox Dry Goods Co. v. Kellog, Tex.Civ.App., 145 S.W.2d 675, writ refused; Radebaugh v. Kellog, Tex.Civ. App., 114 S.W.2d 1191; Edwards v. Hawkins, Tex.Civ.App., 77 S.W.2d 1098; Barnes v. Moro, Tex.Civ.App., 76 S.W.2d 831; Sproles v. Copeland, Tex.Civ.App., 67 S.W. 2d 1076.

 The burden rested upon appellee to establish by a preponderance of the evidence her venue facts, and it was vital to her cause of action to show that a trespass actually occurred. Compton v. Elliott, 126 Tex. 232, 233, 88 S.W.2d 91. Such burden could not be discharged by showing only that her injuries resulted from a moving force. Douglas v. Williams, Tex.Civ.App., 83 S.W.2d 686, 688. For the same reason, the doctrine of res ipsa loquitur cannot sustain venue in Coleman County. Standard Accident Ins. Co. v. Pennsylvania Car Co., Tex.Civ.App., 15 S.W.2d 1081, points 2, 3; Amberson v. Anderson, Tex.Civ.App., 43 S. W.2d 120. After a careful study of the pleadings it is clear to us that neither the original petition nor the controverting affidavit tenders the issue of affirmative negligence against Odom or his employees and, by reason thereof, such pleadings do not tender the issue of trespass within the meaning of subdivision 9 of Art. 1995, R.C. S. Nor was such issue tendered by the proof. No active conduct is shown which is also negligent conduct. The negligence proved consisted wholly of an omission to perform a duty. It is without dispute that Odom and his employees were lawfully engaged in removing the partition in the building and thereby making two rooms into one room in order to comply with his contract. In performing this duty it was necessary to remove the riser which had been constructed in the partition wall. It is also without dispute that Odom's employees had completed the work substantially three months before the explosion occurred, and it is also without dispute that the explosion was caused by a party (not in the employ of Odom) searching for the escaping gas with a lighted match. "'It is well settled that a trespass in the meaning and intent of this statute is not shown by allegation or proof of a nonfeasance or mere negligent omission to perform a duty. To constitute a trespass under this statute there must be an affirmative act of negligence, not necessarily such affirmative act as would be inherently unlawful and constitute a crime or offense against the public, but an affirmative act as distinguished from an omission of duty.'" Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062, point p. 1065. Since it is without dispute that the negligent conduct of Odom and his employees had been fully completed long before the explosion, it is clear to us that such negligence, under the undisputed record, had become passive as distinguished from active. See Brooks v. Hornbeck, Tex.

Civ.App., 274 S.W. 162, points 1, 2, p. 163; Radebaugh v. Kellog, supra; Sherrod v. Bird, Tex.Civ.App., 155 S.W.2d 422, point 4, page 425, and for collation of authorities. Our view is that the pleadings and the evidence adduced bring this case within the rule announced by the Supreme Court in Meredith v. McClendon, supra, and further comment would be of no avail.

■ The cause has been fully developed on the question of venue and, for that reason, the judgment of the trial court must be reversed and rendered (Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593), and the cause transferred to the District Court of Travis County. Rule 89, Texas Rules of Civil Procedure.

The judgment of the trial court is reversed and rendered.