Court of Civil Appeals of Texas.
Fort Worth.

May 3, 1946.

Rehearing Denied May 31, 1946.

Touchstone, Wight, Gormley & Touchstone and Willard K. White, all of Dallas, for appellants.

Walter B. Scott and Joe F. Orr, both of Fort Worth, for appellees.

McDONALD, Chief Justice.

Plaintiffs Ward and wife sued defendants Cox and Perry, operating under the name of Milam Cafeteria, for personal injuries suffered by Mrs. Ward. The appeal is from an order of the trial court overruling defendants' pleas of privilege to be sued in Travis County, the county of their residence.

Venue is sought to be maintained in Tarrant County, where Mrs. Ward received her injuries, on the ground that they were caused by the negligence of defendants or their employees. The question is whether the negligence pleaded and proved was active or passive.

Mrs. Ward fell while descending a brief flight of steps in the cafeteria operated by defendants in Fort Worth, in Tarrant County, where the suit was brought. The only acts of negligence alleged or proved were the following: (1) Failure to light the steps properly. (2) Failure to provide a railing to assist patrons using the steps. (3) The slippery condition of the steps. (4) The presence of a heavy piece of glass, standing in an upright position, at the side of the steps. There was testimony sufficient to show that Mrs. Ward fell while descending the steps, and that during the course of her fall she took hold of the upright piece of heavy glass, breaking the glass and receiving cuts on her hand and other injuries.

Plaintiffs seek to bring the case within the rules announced in Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374; and Evans v. Jeffrey, Tex.Civ.App., 181 S.W.2d 709, on the theory that defendants were operating their cafeteria in Tarrant County in a negligent manner, to-wit, by failing to light the steps properly, by maintaining them in a slippery condition, by failing to provide a railing, and by maintaining the heavy piece of glass in an upright position near the steps.

It is our opinion that the negligence shown here, if any, was only passive. Operating the cafeteria in the condition described was not active negligence in the same sense that operating the machinery described in Jackson v. McClendon, supra, or operating the automobile described in Evans v. Jeffrey, supra, was active negligence. There is a lack of any evidence showing that the slippery condition of the steps was brought about by any negligent act of defendants or their employees. The poor lighting, the absence of the rail, and the presence of the heavy piece of glass, the glass being a part of the permanent fixtures in said cafeteria, were all conditions that had existed for a long period of time prior to the date of Mrs. Ward's fall. It is a permanent condition of the premises, and not a condition produced by negligence

of defendants at or about the time of the injury, that is involved here. We have either acts of non-feasance, or else acts producing a condition which had been completed long before the time Mrs. Ward received her injuries. In either case, the negligence was passive, not active, within the contemplation of our venue laws. Our holding is supported by such decisions as Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062; Metzger Dairies v. Wharton, Tex.Civ.App., 113 S.W.2d 675; Radebaugh v. Kellogg, Tex.Civ.App., 114 S.W.2d 1191; Sherrod v. Bird, Tex.Civ.App., 155 S.W.2d 422; and Odom v. Parker, Tex.Civ.App., 173 S.W.2d 328, 331. In the last cited case, referring to the alleged acts of negligence, the court said: "Since it is without dispute that the negligent conduct of Odom and his employees had been fully completed long before the explosion, it is clear to us that such negligence, under the undisputed record, had become passive as distinguished from active."

Accepting for the sake of argument only that the proof is sufficient to support the implied findings of negligence, we hold that such negligence was passive only, and that the pleas of privilege should have been sustained.

Judgment of the trial court is reversed, and judgment here rendered ordering the case transferred to the proper court in Travis County.