### ROSS et al. v. GONZALES.
### No. 8439.

Court of Civil Appeals of Texas. San Antonio.
May 21, 1930.

Rehearing Denied June 11, 1930.

Kennedy Smith, Albert Taylor, J. C. Hall, and W. R. Montgomery, all of Edinburg, for appellants.

Don A. Bliss, of San Antonio, for appellee.

FLY, C. J.

Appellee sought to and did recover damages from A. J. Ross, mayor, and E. E. Everett and W. R. Dyer, commissioners, of the city of Edinburg, Hidalgo county, and L. A. Gannaway and W. S. Lipscomb, alleged to have been caused by a refusal upon the part of the mayor and commissioners to grant a permit to erect a gasoline station after she had entered into a contract for its erection, and also to obtain a writ of mandamus to compel the issuance of the permit. Appellee alleged that the officers of the city were acting under and by authority of a void ordinance in refusing to grant a permit to build the gasoline station. The court after hearing the evidence dismissed Gannaway and Lipscomb from the suit and rendered a judgment against Ross, Everett, and Dyer for $1,302.27.

The evidence shows that appellee owned a lot in Edinburg and applied to the mayor and commissioners for a permit to erect a gasoline service station on the lot. It was situated in the residence portion of the city, and at least sixty citizens living in the vicinity of the proposed service station protested its erection. There was an ordinance of the city authorizing the mayor and commissioners to grant or refuse permits for such stations, which appellants believed valid, legal, and binding upon them. The facts show, and the presumption would prevail, that they acted in good faith. The refusal of the permit was the official action of the mayor and commissioners of the city of Edinburg.

The suit in this case is based on the assumption that the ordinance of the city of Edinburg in regard to procuring permits from the city council is null and void, and any action by virtue of such ordinance would be null and void and would subject the officers of the city acting under it to damages that might arise from such official action. It would be extending the doctrine of res adjudicata, if that had any bearing on the case, in a remarkable degree, to hold that because some court had held a similar ordinance void that any one who dared to act under such ordinance would do so at his peril. This court, as well as numerous reputable American appellate courts, have held that such ordinances are valid and enforceable. The ordinance in question provides that it shall be unlawful to erect or maintain any gasoline filling station within the corporate limits of Edinburg

438

without having first obtained a permit for such purpose from the board of commissioners of the city. The ordinance provides for the matters to be considered in granting or refusing the permit, alluded to in the ordinance. Similar ordinances are in full force and effect in San Antonio, Dallas, and other cities in Texas, and in most cites of the Union. What court has adjudicated the matters in controversy in this case? Certainly none of the Texas cases cited by appellee under his counter propositions.

■ The rule as to the liability of municipal officers is that they are generally not liable for acts performed within the scope of their public duties, for any misjudgment, or other public acts. We quote from McQuillin, Municipal Corporations, § 545: "Members of a municipal legislative body are not liable for damages consequent upon the passage of an ordinance which they have authority to pass. Nor generally can their motives be inquired into in enacting. Municipal legislative officers while acting in their official capacity are acting for the public; their acts represent the public will and their duty is solely to the public. They are not liable for an injury to an individual resulting from their acts done in good faith as officers of the public, even though such acts are wholly without authority of law and void for that reason." The text is well supported by courts of last resort. Applying one of the decisions to the facts of this case, we quote: "They are not liable for the passage of an ordinance beyond their authority, such an ordinance is void, and need not be obeyed or respected by any one." Jones v. Loving, 55 Miss. 109, 30 Am. Rep. 508. See also Lough v. Estherville, 122 Iowa, 479, 98 N. W. 308, 310, in which it is said: "While a violation of the Constitution in the respect in question is to be condemned, and the courts should interfere to prevent such violation whenever called upon so to do, yet we are not prepared to adopt the suggestion that an action for damages may be resorted to, as affording a proper means of redress, where a violation has been accomplished."

■ Judge Dillon thus clearly states the rule: "Where the officers of a municipal corporation are invested with legislative powers, they are *of course* exempt from *individual liability* for the passage of any ordinance within their authority, and their motives in reference thereto will not be inquired into; nor are they individually liable for the passage of any ordinance not authorized by their powers; for such ordinance is void and need not be obeyed." Dillon, Mun. Corp. § 583. However, appellee, instead of applying to a court for a writ of injunction to restrain the enforcement of a void ordinance, recognized its validity by seeking to compel the council to issue the permit while seeking damages

for the passing and enforcement of a void ordinance.

■ This court, together with several other Texas appellate courts, has held that such an ordinance as that passed in Edinburg is valid and enforceable, and it would be marvelous if the Edinburg council could be charged with knowledge of its invalidity. However, as stated by all respectable authority, whether valid or void, a city legislative body cannot be held liable for enacting or enforcing such an ordinance. A different rule would weaken, if not destroy, municipal government and destroy the efficiency of municipal officers. Of course, decisions as to the acts of peace officers under invalid process have no pertinency in cases of this character.

The judgment is reversed, and judgment here rendered that appellee take nothing by her suit and pay all costs in this behalf expended.