The judgment will be reversed and the cause remanded.

### GARRETT v. STATE.
### No. 14751.

Court of Criminal Appeals of Texas.
Nov. 4, 1931.

Gentry & Gray, of Tyler, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for burglary; punishment, two years in the penitentiary.

The indictment undertook to charge appellant with the burglarious entry of a house occupied by J. E. Carden with the intent to commit the offense of theft. Nowhere in the indictment is it alleged that the entry was made with the intent to take property from the "possession" of anybody. This is a necessary element of the offense of theft, which must be averred in charging burglary with intent to commit that offense. The indictment in the present case is exactly like that in Mitchell v. State (Tex. Cr. App.) 37 S.W.(2d) 1018. See authorities cited in the opinion in the Mitchell Case; see, also, Culpepper v. State, 112 Tex. Cr. R. 350, 16 S.W.(2d) 1095.

For the defect pointed out the judgment must be reversed, and the prosecution ordered dismissed, under the present indictment.

### AMBERSON v. ANDERSON.
### No. 8645.

Court of Civil Appeals of Texas. San Antonio.
Oct. 14, 1931.

Rehearing Denied Nov. 18, 1931.

Hicks, Dickson, Bobbitt & Lange, of San Antonio, for appellant.

Gibson & Blackshear, of Laredo, for appellee.

SMITH, J.

E. I. Anderson, a resident of Webb county, brought suit in a district court of said county against Joe Amberson, conceded to be a resident of Bexar county, and predicated venue in Webb county upon the following allegations in his plea controverting a plea of privilege filed by Amberson to be sued in Bexar county:

"1. That on or about the 6th day of August, 1929, the defendant Joe Amberson operated under license and authority of the Railroad Commission of the State of Texas, a line of passenger motor vehicles between the city of San Antonio, Bexar County, Texas, and Laredo, Webb County, Texas, as a common carrier, using the name and style of Union Bus Lines.

"2. That this action is brought to recover from defendant Joe Amberson damages for personal injuries suffered by plaintiff on or about the 6th day of August, 1921, while being transported as a passenger in one of Defendant's passenger motor vehicles from San Antonio to Laredo, Texas, over the State highway between said cities.

"3. That this plaintiff was injured by reason of defendant's passenger motor vehicle, in which he was riding as a passenger, leaving the highway and crashing across a ditch at the side of the road at a point in Webb County, Texas, and his injuries occurred in Webb County, Texas.

"4. That this plaintiff at the time said injuries occurred was a resident of Webb County, Texas.

"5. That this Court has jurisdiction of this suit and the venue is properly laid in Webb County, because it is a suit for damages for personal injuries which occurred in Webb County, Texas, and plaintiff, at the time he suffered said injuries, was a resident of Webb County, Texas; that said injuries were suffered by plaintiff while riding in Webb County, Texas, as a fare-paying passenger on a passenger motor vehicle operated as a common carrier by the defendant under license and authority of the railroad commission of Texas, between the City of San Antonio, Bexar County, Texas, and Laredo, Webb County, Texas, over the State highway between said cities."

Anderson relied upon the following exceptions to the general venue statute (article 1995, R. S. 1925) to fix venue in Webb county:

"9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

"24. Carriers.—Suits arising from damage or loss to any passenger, freight, baggage or other property, by reason of its transportation, or contract in relation thereto, in whole or in part by one or more common carriers or the assignees, lessees, trustees or receivers thereof, operating or doing business as such in this State, or having agents or representatives in this State, may be brought against one or more of those so doing business, in any county where either does business or has an agent or representative."

It is not contended by appellee that appellant was guilty of a "crime" or "offense" within the contemplation of subdivision 9, but venue is sought to be laid in Webb county upon the ground only that appellant committed a "trespass" against appellee within the contemplation of that exception.

To constitute a trespass under the provisions of the ninth exception, the act complained of must be shown to amount to active negligence upon the part of the offender.

Such active negligence must be not only alleged but proven by testimony. Appellee neither alleged nor proved such fact. He neither alleged nor proved that the accident in which he was injured resulted from any act of negligence upon the part of appellant or his servants, either active or passive.

It is contended by appellee that the doctrine of res ipsa loquitur applies, and that the mere allegation and proof that he was injured while a passenger lawfully upon a car operated by a common carrier was sufficient to make a prima facie case of trespass within the contemplation of the ninth exception to the venue act. We overrule that contention.

The privilege of the citizen to be sued in the county of his domicile is a fundamental and valuable right, of which he may not be lightly deprived, and the exceptions thereto must be strictly construed and clearly established to be effectual.

Even if the doctrine of res ipsa loquitur could be held to operate in this case to raise a presumption of negligence against appellant, the courts are not authorized to add a further presumption that the presumed negligence was active, for the purpose of depriving him of his privilege of having his rights adjudicated in the courts of his domicile.

We are of the opinion that appellee failed, in both allegation and proof, to establish venue in Webb county, under the ninth exception of the venue act.

Venue in Webb county under the twenty-fourth exception to the venue act could be established only by showing that appellant was operating as a common carrier in that county, at the time of the institution of the suit. Bank v. Alexander (Tex. Civ. App.) 274 S. W. 184. No attempt was made in the controverting affidavit or proof thereunder that appellant was operating his bus line at the time the suit was brought, some six months after the accident occurred. It was shown, simply, that he was operating his bus line at the time of the accident. The courts have no authority to indulge the presumption that appellant was still engaged in said business at the time the suit was brought, in order to deprive appellant of his right to be sued in his home county.

The judgment will be reversed, and judgment here rendered that the venue of this cause be changed to the district court of Bexar county, Tex., in and for the Forty-Fifth judicial district, and the clerk of the trial court is hereby directed to make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of said court, and send same with the original papers to the clerk of the district courts of Bexar county, as provided in article 2020, R. S. 1925.

Reversed and rendered.