**LUSK v. ONSTOTT.**

No. 5424.

Court of Civil Appeals of Texas. Amarillo.
April 6, 1942.

Rehearing Denied May 4, 1942.

Joe S. Moss, of Post, for appellant.

Burton S. Burks, Victor H. Lindsey, and Levens & Benson, all of Lubbock, for appellee.

STOKES, Justice.

Appellee filed this suit to recover damages alleged to have accrued to his land by the act of appellant in constructing a ditch across the road at the northwest corner of appellee's farm, thus permitting a large volume of water to escape from appellant's land and flow upon the land of appellee. The record shows that appellant Lusk owns a farm lying northwest of appellee's farm and that the two join at the southeast corner of the Lusk farm and the northwest corner of the farm owned by appellee. At this point is the intersection of two public roads, one running east and west along the north line of appellee's land and the south line of appellant's farm, and the other running north and south along the east line of appellant's farm and the west line of appellee's land. No drainage or culvert was maintained at the intersection and during the spring of 1941 an unusual amount of rain fell in the vicinity and a large amount of water accumulated on appellant's land. On June 8, 1941, appellant cut a ditch across the east-west road at the southeast corner of his farm which released a large amount of water that flowed down the west side of the north-south road to a culvert across the same, thence through the culvert in an easterly direction onto appellee's land and into a lake located thereon, materially extending the area covered by the lake and, according to the allegations of the peti-

tion, inflicting damage to his farm, which damage constituted the basis of appellee's suit.

The land of both parties was located in Crosby County and appellant, being a resident of Garza County, filed a plea of privilege in the form provided by Article 2007, R.C.S.1925, Vernon's Ann.Civ.St. art. 2007, in which he prayed that the cause of action be transferred to the county of his residence. Appellee filed a controverting affidavit in which he incorporated his original petition and alleged that the allegations of the petition averred, and that it was a fact, that the appellant committed, within the meaning of Subdivision 9 of Article 1995, R.C.S.1925, a trespass in Crosby County upon appellee's lands and crops situated and growing in that county.

The issues made by the plea of privilege and controverting affidavit were tried before the court without a jury on October 10, 1941, and resulted in a judgment overruling the plea of privilege, to which appellant duly excepted and from which he has perfected an appeal to this Court.

The controlling question presented by the briefs is contained in the fourth proposition urged by the appellant to the effect that the evidence was insufficient to show a trespass, but showed only that he had cut a ditch across a public road and in doing so he did not enter upon appellee's premises but merely released the water on his own land and permitted it to take its natural course. The evidence supports the allegations of appellee with reference to the accumulation of a large amount of water on appellant's land, the releasing of same by appellant through the ditch constructed across the road, and the ultimate flow of a large portion of such water upon appellee's land. It is further shown that the water from appellant's land materially increased the amount that otherwise would have accumulated on appellee's land and that he suffered material injury on account thereof. The question of whether or not the court erred in overruling appellant's plea of privilege depends upon whether or not the acts of appellant in digging the ditch and releasing the water from his farm onto appellee's farm constituted a trespass as contemplated by Subdivision 9 of Article 1995, R.C.S.1925.

■ The interpretation by our courts of the venue statute here involved has universally been that in order to constitute a trespass and, under its terms, fix the venue of a cause of action in the county where the alleged trespass was committed, the act complained of must have been willfully committed, or the injury must have been inflicted intentionally, although the intent to injure may be presumed from the infliction of the injury by a wrongful act as distinguished from an act carelessly done or omitted to be done. Ricker et al. v. Shoemaker, 81 Tex. 22, 16 S.W. 645; Connor et al. v. Saunders, 81 Tex. 633, 17 S. W. 236; Murray v. Jones, Tex.Civ.App., 56 S.W.2d 276; Sherrod et al. v. Bird, Tex.Civ.App., 155 S.W.2d 422; Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062.

■■ It remains only, therefore, to determine whether or not the act of appellant in constructing the ditch constituted negligence; whether it was an affirmative act; and whether it resulted in injury and damage to appellee. It was shown by the testimony that the water falling upon appellant's land naturally drained in a southerly direction; that appellant had drilled and equipped a well on the north portion of his land for the purpose of irrigating his farm; that he cut irrigation ditches thereon which had the effect of changing the natural drainage of the water through the ditches to the east side of his land and in the direction of appellee's farm; and that a lake had formed on the south portion of appellant's farm. It was also shown that the ditch was cut across the road by appellant and his agents, and that a very large volume of water was released from the lake and other portions of his land, the major portion of which flowed down the borrow pit on the west side of the north-south road until it reached a culvert through which it passed onto appellee's land. Negligence is generally defined as the doing of an act which a person of ordinary prudence and care would not do under the same or similar circumstances, or the failure to do that which a man of ordinary prudence and care would have done under the same or similar circumstances. It is the positive feature of negligence which constitutes a trespass. We think the testimony is amply sufficient to warrant the conclusion that appellant knew the water released in such volume as the record indicates, in the manner and at the place it was released by him, was bound ultimately to flow upon appellee's farm and result in material injury to appellee's land. This is

an act that a man of ordinary prudence and care would not do. It constituted an affirmative act because the record shows that appellant, and those for whose acts he was responsible, performed the positive acts which resulted in the creation of the ditch across the road and released the water which damaged appellee. We think, therefore, the court below was correct in his conclusion that the act of appellant in digging the ditch across the road and releasing the water which injured appellee's land was a trespass as contemplated by Subdivision 9 of Article 1995, R.C.S.1925. The mere fact that appellant did not go upon the land of appellee is immaterial. The question is: Was a trespass committed by him? Many acts of trespass could be committed, even to the lands of another, without entering upon the premises, and we think, undoubtedly, this is one of them.

■ Appellant contends that the controverting affidavit filed by appellee was not sufficient to overcome the allegations of his plea of privilege. The basis of this contention is that the controverting plea did not contain allegations which showed a trespass and that the affidavit made by appellee's counsel in verification thereof referred only to the insufficient allegations of the plea. The controverting affidavit contained a denial of the allegations of appellant in his plea of privilege and alleged that "plaintiff filed herein on the 9th day of August, A. D. 1941 a petition which reads as follows." The entire original petition was then copied into the controverting plea and the document concluded with a paragraph in which appellee's counsel made affidavit that "such allegations show and aver, and it is a fact, that the defendant committed, within the meaning of Exception 9 to Article 1995 of Vernon's Ann. Civ.St., a trespass in Crosby County, Texas upon plaintiff's land and crops situated and growing in Crosby County, Texas." Appellant contends that the affidavit does not refer to the allegations of the original petition copied into the controverting plea. The affidavit attached to the plea following the petition which, as we have said, was copied into the controverting plea, states that the affiant "is one of the attorneys of record for the plaintiff in the above entitled and numbered cause and is fully cognizant of the facts alleged in the foregoing plea and that all of the allegations of fact in the foregoing controverting plea contained are known to the affiant to be true

* * *." While the affidavit does not state that the allegations of the petition are made a part of the controverting plea, yet the entire petition is copied into the plea. The allegations of the petition therefore became a part of the controverting plea, and that portion of the affidavit which states that all of the allegations of fact in the foregoing controverting plea are known to affiant to be true includes the allegations of the petition which set forth specifically the facts relied upon by the appellee and are amply sufficient to constitute an action of trespass. Considering the statements made by the affiant in his affidavit along with the allegations contained in the original petition, we think they are sufficient to sustain appellee's contention that the suit falls within Exception 9 of Article 1995, R.C.S.

From what we have said it follows that, in our opinion, no error is shown in the judgment and ruling of the court below, and its judgment will therefore be affirmed.