## PRIDGEN v. GILES et al.

### No. 10212.

Court of Civil Appeals of Texas.

Austin.

March 31, 1954.

Rehearing Denied April 21, 1954.

Maude F. Pridgen, in pro per.

William K. Miller, Austin, for appellee Gay.

John Ben Shepperd, Atty. Gen., Thomas Black, Asst. Atty. Gen., for appellee Giles.

GRAY, Justice.

This appeal is from a summary judgment. Appellant by her first amended original petition filed October 17, 1953 (original petition filed July 9, 1953) sued appellees and for cause of action alleged "That on or about the month of May 26, 1947, she was seized and possessed of the following described Patent, Vol. 6–B A No. 341" and copied the said patent into her petition which patent is dated May 26, 1947. It granted to "H. M. Pridgen and his heirs or assigns forever" 320 acres of land in Travis County. She alleged that she was the legal owner and heir to the Henderson M. Pridgen estate; that on May 14, 1947, she went to appellee Giles, Land Commissioner, and "sought to obtain" the above-mentioned patent and was disallowed the same

"* * * on the grounds it was expensive to procure and said Letter Patent would be held intact by said defendant, when in truth and in fact, the Land Commissioner was negotiating terms with the other defendant, Coleman Gay, in order to hide their schemes of fraudulent transactions, which on the 26th day of May A.D. 1947, said above described patent, issued by metes and bounds to Coleman Gay defendant by Bascom Giles defendant, acknowledging receipt of $1.00 to record said patent; request by letter had heretofore been obtained to issue to the heirs of H. M. Pridgen, and when done so to return to the office of Coleman Gay, defendant herein."

(She does not allege that she tendered payment of the statutory fees.)

She further alleged that she lost valuable land to S. A. Penix, Receiver for Emil and Ana Vogtsberger,

"* * * and these records will be made a part of this petition to show wherein by the issuance of the Letter Patent from the Land Office by the Commissioner Bascom Giles, defendant to Coleman Gay defendant, both residents of the State of Texas, how plaintiff was denied her right to procure said Land Certificate from the General Land Office, by sworn affidavit, she was ready and willing to verify, according to rule laid down by the Statutes.

"* * * * * *

"Eleventh: Plaintiff further represents to the court that she has been thoroughly defrauded by the said representations made to her by the defendants, and were known by them to be false when said representations were made and utterly disposed of said hereinbefore mentioned Land Patent from the General Land Office and threw her into the hands of profiteers and illegal owners of said 320 acres of land herein described; that said land was well worth $100.00 (One Hundred Dollars) per acre more or less, and would have inured to her use and ben-

fit, if said defendant's had not acted in collusion, each with the other, if said plaintiff had not been denied her rights in the premises."

That the acts of appellees were fraud and collusion

"* * * in order to show delivery to other party defendants, named in plaintiff's original petition, as claimants of the 320 acres of land belonging to the Henderson M. Pridgen estate."

She prayed for $50,000 actual damages for the loss of her property awarded to S. A. Penix, Receiver, and that the patent be recalled to the General Land Office and restored or returned to its rightful owner, appellant.

Appellee Gay filed his motion for summary judgment and appellee Giles filed his answer, special exceptions and adopted the motion for summary judgment.

The trial court sustained the special exception of appellee Giles, and the motion for summary judgment of appellee Gay and which motion had been adopted by Giles.

In the hearing before the trial court various exhibits were placed in evidence.

It appears that H. M. Pridgen died November 26, 1887 and that on March 3, 1877 he conveyed to Dennis Corwin an equal one-half interest in the land described in the patent. It is not shown who were, or are, the surviving heirs of H. M. Pridgen although numerous persons are named in the judgment later noticed. However appellant alleged herself to be the "owner and heir of his estate."

Appellant herself introduced a copy of a judgment rendered by a district court of Travis County on November 13, 1947, in Cause No. 77,652, Penix v. Heissner et al. This judgment shows that appellant was a party to that cause and participated in its trial and that S. A. Penix, in his capacity as Receiver, recovered the fee simple title to the land described in the patent in controversy together with such title to other lands.

Appellant also introduced in evidence the patent in controversy here together with an order of the district court entered in Cause No. 77,652, supra, authorizing her to withdraw it from the papers in that cause which order bears a file mark of January 28, 1949. The patent was filed for record May 27, 1947, and was recorded the following day in the Deed Records of Travis County.

Appellant also introduced in evidence a deed dated July 2, 1947, from Mary A. Pridgen and Alice Pridgen McDonald whereby they conveyed to appellant all of their right, title and interest in the land described in the patent.

Appellant introduced in evidence a letter from appellee Giles to her, dated July 18, 1947, which reads:

"Your letter dated July 10, 1947, addressed to Honorable Beauford H. Jester, Governor of Texas, has been referred to me for answer.

"As you were previously informed, the issuance of a patent is the relinquishment of the state's interest in the tract of land described therein and the rights, title, or interest of any claimants are not affected by the issuance of such patent. The legal ownership of such land may be determined from the records of the county in which the land is located or by judicial decree."

She also introduced a letter from the office of the Attorney General addressed to her under date of April 17, 1953, which in part reads:

"Dear Madam:

"I have carefully investigated the matter you recently discussed with me. I find that a patent was issued by the General Land Office in the name of H. F. Pridgen. Article 5414 of our Texas statutes provides:

"'All patents issued in the names of persons deceased at the time of issuance shall convey and secure valid title to the heirs or assignee of such deceased persons.'

"A patent is a deed or grant of State land. When the land has been patented or deeded by the State, the State no longer owns the land, and it is up to the person to whom the land is patented (in this case H. F. Pridgen) or if he be dead, it is up to his heirs or assignee to defend the title against other persons claiming the land. This is purely a private controversy between you and the other claimants to the land."

The patent in question was in evidence in Cause No. 77,652, supra, and whatever benefit it may have been to appellant in defending her rights in that cause it was there available to her.

◼ Appellant's allegations cannot be interpreted as complaining that the patent was in fact issued. She complains only that it was not delivered to her but was delivered to appellee Gay. Actually the issuance and recording of the patent without expense to appellant was a benefit rather than a harm to her. She does not plead and does not assert that any board or any court has granted the certificate, by virtue of which the patent was issued, to her or to any other named person. (The record shows the certificate was issued to Henderson M. Pridgen on December 4, 1843, as is shown by appellant's exhibit.) Under these circumstances the rule applicable here is that the patent to the heirs of a deceased person conveys the title to the persons who are in fact heirs at law. Houston Oil Co. of Texas v. Hayden, 104 Tex. 175, 135 S. W. 1149. And the fact that appellee Gay may have paid the patent fees and received the patent would not have deprived appellant of any right she may have had. Ellis v. Le Bow, 30 Tex.Civ.App. 449, 71 S. W. 576, affirmed Ellis v. Le Bow, 96 Tex. 532, 74 S.W. 528.

Arts. 5412 and 5413, Vernon's Ann.Civ. St., define the duties of the Commissioner in issuing patents to land. The allegations and proof before the trial court show that the provisions of art. 5413 were followed.

◼ Generally it is the rule that public officers are not liable to individuals for acts done within the scope of their public duties. 34 Tex.Jur. p. 466, Sec. 84. And if the act was lawful it is immaterial as to what motive may have actuated the officer to act. State ex rel. Russell v. Box, 34 Tex. Civ.App. 435, 78 S.W. 982; 34 Tex.Jur. p. 468, Sec. 84; Ross v. Gonzales, Tex.Civ. App., 29 S.W.2d 437, error dism., where the rule is applied to the acts of municipal officers.

If in fact the patent had been delivered to appellant it would have been subject to the rule announced in Houston Oil Co. of Texas v. Hayden, supra, and certainly would not of itself constituted her the sole heir of H. M. Pridgen and the owner of the land described.

Whatever benefits to appellant that could have accrued to her by reason of the patent were available to her in the trial of Cause No. 77,652, supra, and it cannot be said that that cause was lost to her by reason of the acts of appellees. She has suffered no damage by reason of the alleged acts and conduct of appellees and no injury has resulted to her. Booth v. Coward, Tex.Com. App., 265 S.W. 1026; 1 Tex.Jur. p. 626, Sec. 19. Actually as above noted she sustained a benefit.

It is our opinion that there was no genuine issue of fact made by the pleadings and evidence before the trial court and that appellees were entitled to a summary judgment. Rule 166-A, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.