DALLAS COUNTY FLOOD CONTROL DIS-
TRICT et al., Appellants,

v.

Melvin FOWLER et al., Appellees.

No. 3248.

Court of Civil Appeals of Texas.

Waco.

June 2, 1955.

Rehearing Denied June 16, 1955.

Scurry, Scurry & Pace, Dallas, for Dallas County Flood Control Dist. et al.

Bowyer, Gray, Thomas, Crozier & Harris, Dallas, for City and County of Dallas Levee Imp. Dist. et al.

Thompson, Knight, Wright & Simmons, Richard E. Gray, Jr., and Bill E. Brice, Dallas, Tex., for Dallas County Levee Imp. Dist. No. 5 et al.

Worsham, Forsythe & Riley, Dallas, for W. C. Windsor, Jr.

Roland Boyd, McKinney, for appellees.

McDONALD, Chief Justice.

This is a venue case involving Subdivision 9 of Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 9. Parties will be referred to as in the Trial Court. Plaintiffs, Melvin Fowler and 78 other cropowners in Collin County, originally filed this suit against the Dallas County Flood Control District and its directors individually to recover damages to their respective cotton crops allegedly resulting from the use of a harmone type herbicide, 2–4–D, by the Dallas County Flood Control District. Plaintiffs allege that the District released the 2–4–D within the confines of the floodway between the levees of said District, all

of said spraying operations having been initiated in Dallas County, Texas. By amended petition plaintiffs also seek recovery against the City and County of Dallas Levee Improvement District, and its directors individually, and the Dallas County Levee Improvement District No. 5, and its directors individually. Plaintiffs allege that the Dallas County Flood Control District entered into a written contract with the other two Levee Districts by virtue of which contract it became the agent of the other two Levee Districts in spraying and maintaining the properties in which the spraying was conducted.

Plaintiffs alleged that the Dallas County Flood Control District, individually and as agent for the other two Levee Districts, was negligent in the use of the 2–4–D and as a result of such negligence, the vapors of the spray came to rest on their growing cotton crops in Collin County, causing extensive damage, their allegations being in part as follows:

*"That the defendants, in releasing, expelling, discharging, and forcing the potent and dangerous chemical herbicide into the air currents where it could and would be carried by said air currents into plaintiffs' fields and onto plaintiffs' cotton plants, thereby invading and trespassing on plaintiffs' fields and cotton crop, and violating his right to freedom from such trespass and invasion, thereby directly and proximately caused the damage hereinafter complained of."*

All the defendant Districts are located in Dallas County and the directors of all three Districts are residents of Dallas County, and all filed pleas of privilege to be sued in Dallas County. Plaintiffs controverted the defendants' pleas of privilege, relying on Subdivision 9 of Article 1995, R.C.S., to sustain venue in Collin County.

The record discloses that all spraying operations were initiated by defendants in Dallas County; that they were conducted with a ground mist type sprayer and with an airplane; that 2–4–D was applied on some 10 different days between 27 May and 30

June 1952; that 2–4–D·is a chemical capable of drifting through air currents and capable of damaging cotton plants; that the witness Dudley, a herbicide supervisor for the State Department of Agriculture, inspected the plaintiffs' cotton fields and that in his opinion the cotton was damaged by 2–4–D. He further testified that he determined that ·this herbicide had come from spraying operations carried on by the Dallas County ·Flood Control District, and that his determination was based on wind direction, types of equipment and of herbicide used and through tracing of susceptible crops from the nearest point of application in the District to the nearest affected field.

The Trial Court, without a jury, overruled all defendants' pleas of privilege to be sued in Dallas County. Defendants appeal to this court, contending that: 1) The Trial Court erred in overruling the pleas of privilege as to the 3 Flood Control and Levee Districts because the plaintiffs failed to allege and prove that defendants committed a trespass in Collin County within the meaning of Subdivision 9 of Article 1995, R.C.S.; and 2) The Trial Court erred in overruling the pleas of privilege of the directors and manager of the 3 Districts because the evidence shows conclusively that each was acting in his official capacity as director or manager· of the District concerned and not as individuals, and that as a matter of law there is no personal liability as to them.

As to defendants' 1st contention: In order to maintain venue under Subdivision 9 of Article 1995, it is necessary for the plaintiffs to both plead and prove that a trespass was committed, and that it was committed in the county where the suit is pending. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Brown Express, Inc., v. Arnold, 138 Tex. 70, 157 S.W.2d 138.

The question for determination here is whether or not defendants spraying 2–4–D herbicide on their property in Dallas County, which spray got into the air currents and· drifted into Collin· County, settling on plaintiffs' cotton, causing damages,· constitutes a trespass in Collin County. Defendants contend: 1)· that what they did was not such

positive acts as to constitute a trespass, and 2) that even if it was, the act or trespass was not committed in Collin County.

Hamilton v. Jenkins, Tex.Civ.App., 235 S.W.2d 195, 196, Mand.Over., holds that where defendants piled brush stacks on land adjacent to plaintiff's and set fire to the brush, and the heat and smoke therefrom damaged plaintiff's cotton crop, that the defendants were guilty of a trespass and of *active* negligence. The defendant filed a *plea of privilege to be sued in another county.* The plaintiff sought to sustain venue in the county where the act occurred by virtue of Subdivision ˙9, Article 1995, R.C.S. The court overruled the plea of privilege, holding that *"such acts as piling brush and setting it on fire are not acts of omission, but are acts of commission and constitute active negligence * * * that the defendants were guilty of a trespass * * *"*.

In Baker v. Knight, Tex.Civ.App., 205 S.W.2d 65, this court held that the act of a nonresident defendant who fumigated a cafe with cyanide gas and the gas seeped into another portion of the building killing dogs kept therein by a veterinarian, was a trespass within exception 9 of Article 1995.

Lusk v. Onstott, Tex.Civ.App., 161 S.W. 2d 819, 821, is a case in which the *nonresident* defendant cut a ditch on a public road releasing water on his own land and permitted it to take its natural course. The water ran onto plaintiff's land, causing damage. The defendant, when sued, filed a plea of privilege and plaintiff sought to retain venue under Subdivision 9 to Article 1995, R.C.S. The court, in overruling the plea of privilege, held that the defendant's action "constituted an affirmative act * * which resulted in the creation of the ditch across the road and released the water which damaged [plaintiff] * * * court below was correct in his conclusion that the act of [defendant] in digging the ditch across the road and releasing the water which ·injured [plaintiff's] land was a ·trespass as contemplated by Subdivision 9 of Article 1995, R.C.S.1925. The mere fact that appellant did not go ·upon the land of

[plaintiff] is immaterial. The question is: Was a trespass committed by him? Many acts of trespass could be committed, even to the lands of another, without entering upon the premises, and we think, undoubtedly, this is one of them."

■ From the foregoing authorities it is clear to us that the defendants' acts in spraying the 2–4–D are positive acts constituting affirmative trespass. We come now to defendants' contention that even if they be a trespass, that since the spraying operations were carried on in Dallas County that no trespass occurred or could have occurred in Collin County.

We believe that the *causal connection* between the affirmative act of spraying and the resulting damages to plaintiffs' crops is sufficiently shown by the record to support the judgment of the Trial Court that a trespass in fact occurred in Collin County. The fact that the chemical released by defendants in no manner took cognizance of the Venue Statutes and passed over the county line into Collin County and damaged plaintiffs' crops, cannot limit defendants' liability. Defendants were the instigators of that *action* and were responsible for it *until it ceased*. Surely it could not be contended that a defendant standing on one side of a county line and shooting a plaintiff on the other side of the county line, did not commit a trespass in the county where plaintiff stood—merely because defendant pulled the trigger of the gun in another county.

From the foregoing we hold that the *very acts* committed by defendants, under the existing circumstances, are active negligence and constitute a trespass in Collin County.

We come now to consider whether the pleas of privilege of City and County of Dallas Levee Improvement District and the Dallas County Levee Improvement District No. 5 should have been overruled. The record shows that these two districts operate over the very same area as does the Dallas County Flood Control District. The record reflects that the spraying operations were conducted by the Dallas County Flood Control District and that a contract entered into between the 3 Districts forms the sole basis upon which liability of the 2 Levee Improvement Districts is predicated.

■ A close study of that contract in its entirety fails to disclose any provisions upon which a principal-agent relationship is established between the Dallas County Flood Control District and the 2 previously formed Levee Improvement Districts. In fact, the contract in Section 2 thereof specifically states that the *sole discretion* as to the use of all money remains in the Dallas County Flood Control District and that the 2 Levee Improvement Districts had only the right to *consult* with and give their *views* to and make *requests* of the Dallas County Flood Control District. The foregoing not only fails to establish the principal-agent relationship but definitely negatives its existence.

The defendants' 1st contention is accordingly overruled as to the Dallas County Flood Control District, but is sustained as to the Dallas County Levee Improvement District No. 5 and as to the City and County of Dallas Levee Improvement District.

The defendants' 2nd contention is that the Trial Court erred in overruling the pleas of privilege of the Directors of the 3 Districts as individuals as well as the plea of privilege of the Manager of the Dallas County Flood Control District. All of the individuals concerned live in Dallas County.

■ To sustain venue in a county other than the residence of these defendants, plaintiffs must allege and prove a cause of action against them *personally*. The authorities clearly and conclusively hold that members of the Board of Directors or Supervisors of a governmental agency are not *personally* liable for acts of commission or omission in performance of their official duties. 30 Tex.Jur. 261 says: "As a rule, municipal officers are not personally liable for acts performed within the scope of their public duties, * * *". *Public officials are liable personally when and only when, in the exercise of the powers con-*

*ferred upon them, they have acted wilfully, maliciously or when actuated by malice.* Some of the authorities in keeping with the above are: Campbell v. Jones, Tex., 264 S.W.2d 425; Ross v. Gonzales, Tex.Civ. App., 29 S.W.2d 437; Hartford Accident & Indemnity Co. v. Templeman, Tex.Civ.App., 18 S.W.2d 936, 937.

■ In the case at bar there is no evidence that the Directors or Manager acted wilfully, maliciously or that they were actuated by malice. Indeed the Directors of the 2 Levee Improvement Districts did not even know of the spraying operation, and 2 of the Defendant Directors were not even directors at the time of the spraying operation.

· We believe that plaintiffs have failed to plead or prove a cause of action against the Directors of the 3 Districts personally or against the Manager of the Flood Control District personally, for which reason we sustain defendants' 2nd contention and hold that the Trial Court erred in overruling the pleas of privilege of the Directors and Manager insofar as the plaintiffs' cause of action seeks to hold them personally liable.

It follows that the judgment of the Trial Court must be affirmed overruling the plea of privilege filed by the Dallas County Flood Control District; and that the judgment of the Trial Court must be reversed overruling the pleas of privilege of Dallas County Levee Improvement District No. 5, of City and County of Dallas Levee Improvement District, and of the Directors and Manager of the 3 Districts, and the cause remanded to the Trial Court with instructions to sustain the pleas of privilege filed by Dallas County Levee Improvement District No. 5, by City and County of Dallas Levee Improvement District, by the Directors of the 3 Districts (except Defendants Wyche and Windsor) and by the Manager of the Flood Control District, and to transfer the causes against the foregoing to Dallas County, Texas. Plaintiffs pray that their cause of action be dismissed as to defendants Paul Wyche and W. C. Windsor, Jr., personally. The Trial Court is instructed to dismiss

plaintiffs' cause of action as to these 2 defendants personally.

Affirmed in part, reversed and remanded with instructions in part.

TIREY, Justice (concurring).

I concur with the majority opinion insofar as it grants the pleas of privilege as to the parties therein set out and the orders of dismissal therein stated, but not otherwise. In view of the fact that action has been withheld on the motion for rehearing of Dallas County Flood Control District, it would serve no useful purpose to write further in this behalf until such motion is acted upon, at which time I shall state my views provided they are not in accord with the majority opinion.

TIREY, Justice (dissenting in part).

I am not in accord with the majority opinion in overruling the motion for rehearing of the Dallas County Flood Control District for reasons hereinafter briefly noted.

The Dallas County Flood Control District, in its motion for rehearing, raises two points: 1 is to the effect that we erred in overruling its plea of privilege in holding that it had committed a trespass in Collin County sufficient to sustain venue there; and 2 is to the effect that we erred in holding that the act of spraying herbicide, committed in Dallas County by it (which resulted in damages to appellees' crops in Collin County) constituted a trespass in Collin County for purposes of venue within the meaning of subdivision 9 of Art. 1995, Vernon's Ann.Civ.Stats. I am in accord with these views.

The majority opinion holds in effect that the Dallas County Flood Control District was guilty of active negligence in spraying 2-4-D herbicide on the floodway in Dallas County because such herbicide damaged appellees' cotton in Collin County; and that such conduct was in effect a trespass in Collin County. I cannot agree with this contention.

It is my view that neither crime, trespass nor active negligence is shown by this record. The pleadings and the evidence show that the lands of appellees are in Collin County, where the suit is brought, and that all of the defendants reside in Dallas County, and that defendant Districts are located wholly within Dallas County and none in Collin County, and that all of the operations carried on by the Flood Control District were carried on in the District in Dallas County. Evidence was tendered to the effect that the Flood Control District used a ground mist type sprayer and an aeroplane, in order to spray the 2–4–D on the weeds and willow trees. It is true that the plaintiffs alleged that the defendants knew that the 2–4–D, when sprayed, would get into the air currents and would drift for many miles, but I find no such proof in the record. As I understand plaintiffs' contention, it is that defendants carried on spraying operations in Dallas County and that the chemical they used in the operation got into the air currents and drifted as far as Collin County, where it settled on plaintiffs' cotton crops. Under these facts, plaintiffs contend that the Dallas County Flood Control District committed a trespass in Collin County, and they rely on subdivision 9 of Art. 1995, supra, to sustain them. My view of the record is that the evidence wholly fails to prove that a crime or offense or trespass was committed in Collin County under the provisions of said subsection aforesaid, and under the construction placed thereon by our Supreme Court and by our Courts of Civil Appeals.

In appellant's motion for rehearing I find substantially the following statement: First, in regard to the case authorities cited by the court, there are three: Hamilton v. Jenkins, Tex.Civ.App., 235 S.W.2d 195 (where nonresident defendants set fire to brush on their land and the heat and smoke therefrom damaged adjacent landowners' crops); Baker v. Knight, Tex.Civ.App., 205 S.W.2d 65 (where cyanide gas used to fumigate cafe by nonresident seeped into another portion of building and killed dogs kept there by veterinarian); and Lusk v. Onstott, Tex.Civ.App., 161 S.W.2d 819 (where nonresident defendant cut ditch on public road releasing water which damaged adjacent land.)

The above cases appear to be distinguishable from the one at bar in that each of the cases a nonresident defendant committed a positive act of trespass in the county in which venue was sought to be maintained. In the Jenkins case, supra, suit was brought in Hidalgo County and the brush was stacked and set on fire in Hidalgo County. In the Knight case the cyanide gas was discharged in Johnson County where suit was brought. In the Onstott case the ditch was cut in Crosby County and suit was brought in such county. In each of the foregoing cases relied upon in the majority opinion, the requirements of subdivision 9 of Art. 1995, supra, were met because the acts constituting a trespass were committed in the county where the suit was brought. In the case, here, all acts, if any committed by appellant, were committed without dispute in Dallas County and not elsewhere. I am in accord with the above view.

Our Supreme Court in Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062, point page 1065, made this statement of the rule as applied to subdivision 9 of the Venue Statute aforesaid: "'It is well settled that a trespass in the meaning and intent of this statute is not shown by allegation or proof of a nonfeasance or mere negligent omission to perform a duty. To constitute a trespass under this statute there must be an affirmative act of negligence, not necessarily such affirmative act as would be inherently unlawful and constitute a crime or offense against the public, but an affirmative act as distinguished from an omission of duty * * *.'"

This Court has, on numerous occasions, considered the exact question which I believe is here before us, and I think the statement made by our Supreme Court as to the interpretation to be given to subdivision 9 as contained in Meredith v. McClendon, supra, has been followed by this Court in Brooks v. Hornbeck, Tex.Civ.App., 274 S.W. 162, points 1 and 2, at page 163; Waco Cotton Oil Mill v. Walker, Tex.Civ.App.,

103 S.W.2d 1071 (no writ history), and Odom v. Parker, Tex.Civ.App., 173 S.W.2d 328 (no writ history). Our Supreme Court again reviewed the decisions of our Supreme Court and the Courts of Civil Appeals as they relate to subdivision 9 of our Venue Statute in Chiles v. Goswick, Tex. Civ.App., 225 S.W.2d 407, and our Supreme Court did not change the statement of the rule as made in Meredith v. McClendon, supra. The opinion of our Supreme Court in Chiles v. Goswick, supra, is, I believe, the last expression of our Supreme Court dealing specifically with the meaning of subdivision 9 of our Venue Statute, and this opinion has clarity, and I think it is applicable and necessarily controlling here. See also City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466; also Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Wiese v. Becker, Tex.Civ.App., 294 S.W. 991 (no writ history).

As I understand the record, there is an absence of proof to the effect that the acts of the Dallas County Flood Control District in the actual spraying was in violation of any law or was done with any intent to injure anyone, and if there is any negligent conduct on the part of such District in the actual spraying, I think that such negligence, if any is shown, is an act of omission of duty as distinguished from active negligence, and under no consideration could a court or jury say is was a wrongful and unlawful act on the part of such District, and that the District was guilty of active negligence in Collin County.

In appellants' brief I find this statement:

"There was no evidence that Halford knew that the spray could get into the air currents and drift for some twenty miles and settle on cotton plants in Collin County. There was no evidence that he knew that the equipment that was used was unsafe or that the defendant was negligent in any respect in the manner in which the equipment was used. There was no evidence that the defendant violated any of the provisions of the Texas Herbicide Law (Art. 135b–3, Rev.Civ.Stats.) or that defendant violated any of the regulations promulgated by the Commissioner of Agriculture under such law."

I think the foregoing is a correct statement. My view of the record here made is that if the testimony tendered any act of negligence, it is that of omission as distinguished from an act of commission, as this Court pointed out in Odom v. Parker, supra.

In appellant's motion for rehearing we find this statement:

"* * * that if negligence has been shown in this case, such has not been shown by proof of active negligent acts committed by the appellant but, at most, through the application of the doctrine of res ipsa loquitur. Certainly that is the only theory which could be arrived at on the basis of the testimony of the witness Dudley. The evidence was that appellant sprayed 2–4–D within the confines of its floodway and that shortly thereafter appellees' cotton crops were damaged. Res Ipsa Loquitur is a rule of evidence, and where the particular thing causing the injury has been shown to be under the management of the defendant, or his servants, and the accident as such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation, that the accident arose from want of care. Emmons v. Texas & Pacific Railroad Co., [Tex.] Civ.App., 149 S.W.2d 167, 171; 37 Words & Phrases, [Res Ipsa Loquitur] 482, 30 Tex.Jur. 802. The question might then be asked, can the allegation and proof that appellees were injured by herbicide under the exclusive control of appellants in another county make a case of trespass within the contemplation of the 9th exception of the Venue Act. The cases hold that it does not. Odom v. Parker, [Tex.Civ.App.] 173 S.W.2d 328, 331; Amberson v. Anderson, [Tex.] Civ.App., 43 S.W.2d 120."

I am in accord with this view.

In Lyle v. Waddle, 144 Tex. 90, 188 S.W. 2d 770, opinion by Justice Smedley of the

Commission of Appeals, opinion adopted by the Supreme Court, we have what I believe to be one of the clearest opinions of our Supreme Court concerning the meaning of subdivision 9 of the Venue Statute aforesaid. It is my view that the majority opinion here overruling the Dallas County Flood Control District's motion for rehearing to be sued in Dallas County is in irreconcilable conflict with the decision of our Supreme Court in Lyle v. Waddle, supra, and Chiles v. Goswick, supra, and the other cases here cited. See also Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969, pt. 1, at page 972.