C. C. BENSON et al., Appellants,

v.

DALLAS COUNTY FLOOD CONTROL DISTRICT et al., Appellees.

No. 15209.

Court of Civil Appeals of Texas.

Dallas.

Jan. 25, 1957.

Rehearing Denied April 26, 1957.

Roland Boyd and Edward J. Veigel, McKinney, for appellants.

Bowyer, Gray, Thomas, Crozier & Harris, Thompson, Knight, Wright & Simmons, David M. Kendall, Jr., and Scurry, Scurry & Pace, Dallas, for appellees.

CRAMER, Justice.

This is a duly perfected appeal from an order granting a motion for, and entering a summary judgment in favor of appellees, that appellants take nothing. Appellants, owners and tenants of land in Dallas County, filed this action against the Dallas County Flood Control District, the City and County of Dallas Levee Improvement District, and Dallas County Levee Improvement District No. 5, each a governmental agency and body politic incorporated, also against their directors and supervisors, for crop damage alleged to have been caused by certain herbicide spraying operations by the Flood Control District in the year 1952

for the purpose of clearing the floodway between the levees and within the boundaries of their corporate districts along the Trinity River, predicated upon a written contract. The areas of said districts lie along the basin of the Trinity River in and near the City of Dallas. The two Levee Districts entered into a contract with the Flood Control District, the Flood Control District being organized to operate and maintain levees of both Levee Districts by Acts of 49th Legislature, 1945, ch. 355, p. 619, Vernon's Ann.Civ.St. art. 8280-127, that appellants' (owners and tenants) cotton crops were damaged by sprays known as 2-4-D so used under said contract by the Flood Control District. For the purposes of this appeal appellee Districts have stipulated that the spraying operations involved were to kill weeds and were carried out by the Dallas County Flood Control District between May 2 and June 30, 1952; that appellants' crops were damaged thereby and that there is a fact question as to whether or not such spraying operations (by airplane) caused the damage complained of; that the only question here is whether or not appellees are liable to appellants for damages caused by the spraying operations. They alleged that Fred Gordon, acting as an independent contractor, carried out the spraying operations by airplane. Appellants brief three points of error in substance granting a motion for summary judgment, (1) of the Flood Control District; (2) of the City and County of Dallas Levee Improvement District and the Dallas County Levee Improvement District No. 5; and (3) of John M. Stemmons, Ray A. Foley, Albert Hagman and T. C. Forrest, Jr.

These points are countered in separate briefs by Dallas County Flood Control District, and by John M. Stemmons, Ray A. Foley, Albert Hagman and T. C. Forrest, Jr., and by the Dallas Levee Improvement District, R. C. Griffith, Robert H. Jones, Jr., and Charles W. Roberts, individually and as members of the Board of Supervisors of City and County of Dallas Levee Improvement District, as follows: (1) The Flood Control District in attempting to eradicate the weeds and other growth from the floodway was performing a governmental function and therefore not liable for damages resulting from its acts and the trial court did not err in granting the motion and entering summary judgment; (2) the damages, if any, sustained by appellants as a result of the spraying operations were consequential and temporary only and did not result from a taking or damaging within the meaning of Art. I, sec. 17 of the Texas Constitution, Vernon's Ann.St. and therefore there was no error in granting the motion of the Flood Control District; (3) the trial court did not err in granting the motion of Stemmons, Foley, Hagman and Forrest, since they were acting in their official capacities and as general managers of the Flood Control Districts. All points and counterpoints will be considered together.

Under sec. 59, Art. 16, Texas Constitution, the Legislature created and established the Dallas County Flood District which performed the flood control work for the two Levee Districts who are parties hereto, and provided that such district shall be a governmental agency and body politic and corporate with powers of government and with the authority to exercise the rights, privileges and functions hereinabove specified including the control, storing, preservation and distribution of its storm and flood waters and reclamation and drainage of its overflow lands, and gave in detail all the powers which it shall exercise and which are involved here. Also granted to the Flood Control District for a period of twenty years all state ad valorem taxes collected for general revenue purposes on property within the District not exceeding $25,000 per year; such moneys to be used for the purpose of controlling the waters of the Trinity River and preventing the continuing public calamity caused by great floods and to end in the prevention of damage to persons and property from the waters of the Trinity River.

Article 16, sec. 59 of our Constitution provides: "(a) The conservation and development of all of the natural resources of this State, including the control, storing, preservation and distribution of its storm and flood waters, the waters of its rivers and streams, for irrigation, power and all other useful purposes, the reclamation and irrigation of its arid, semi-arid and other lands needing irrigation, the reclamation and drainage of its overflowed lands, and other lands needing drainage, the conservation and development of its forests, water and hydro-electric power, the navigation of its inland and coastal waters, and the preservation and conservation of all such natural resources of the State are each and all hereby declared public rights and duties; and the Legislature shall pass all such laws as may be appropriate thereto."

Appellants' position is "that a political subdivision, such as appellee, is liable under the constitutional provision for any intentional authorized actions in the construction, operation or maintenance of the area or facility established by its original legislative creation."

Appellees' contention is that the material questions here are whether or not the liability of the Flood Control and the Levee Districts for negligence in the performance of the work here involved is controlled, (1) by the rule applicable to cities and towns; or (2) rule applicable to counties and states.

 The rule applicable to cities and towns is that they are not liable for the acts of their agents and employees if they are acting in a governmental capacity at the time; but are liable for the negligence of their agents and employees if they are acting in a proprietary capacity at the time. The rule applicable to counties and states is that they are not liable for the acts of their agents in the performance of their work for the counties whether they are performing duties in a governmental or in a proprietary capacity. Appellant also as-

serts a third rule to the effect that where the acts charged constituted the taking or damaging of the property of another, the governmental agency is liable for the value of the property taken and/or the damages done to the remainder of the property of such owner.

We are of the opinion that appellant's last asserted third rule applies here.

The Commission of Appeals in Hidalgo County Water Imp. Dist. No. 2 v. Holderbaum, 11 S.W.2d 506, 507, bases liability of the water improvement district upon the "damaging or destruction" of Holderbaum's property by virtue of the flooding and seepage from the district's ditches and canals, there stating that "damaging or destruction" on account of "public" use required to be compensated under section 17, Art. I of our Constitution includes injury resultant (a) of construction of works, and (b) of subsequent maintenance and operation; citing cases. Also holds that "the 'district,' whatever its degree as a public or governmental agency (section 59, art. 16, Constitution), has no immunity from liability for injuries referred to in section 17, art. 1."

The last mentioned section prohibits the "taking, damaging or destruction" of one's property by the State, or by statute authority without payment of adequate compensation.

As stated in the Holderbaum case, "Prima facie at least, what has been done by the officers and agents of the district was done with authority of the 'district.' If, on hearing, it does not appear that the acts causing the injury were done without authority, the 'district' will be liable, and its officers immune, even if the 'district' is to be considered a governmental agency of the highest order. * * * Upon the assumption of that character for the 'district,' damaging acts, etc., done by officers and agents without authority, leave the 'district' immune and the officers liable." See also 15-A Texas Digest, Waters and Water Courses, 

We must therefore hold that the property damage involved here is within the terms of the above quotation from the Holderbaum case and within the provisions of Art. I, sec. 17, Texas Constitution. It follows that the governmental agency, under such rule, is liable if issues on such liability are supported by evidence on the trial to the merits.

Appellants' points are therefore sustained and the judgment of the trial court is reversed, the cause is remanded to the trial court for further proceedings not inconsistent with our conclusions above.

Reversed and remanded.

### On Motions for Rehearing.

Appellees have each filed motion for rehearing attacking each of our holdings separately, and we have concluded that one of such attacks must be sustained.

Appellees Dallas County Flood Control District, John M. Stemmons, Albert Hagman, T. C. Forrest, Jr., and Ray A. Foley assert that the trial court did not err in granting the motion for summary judgment of the Directors and the General Manager of the Flood Control District since they were acting in their official capacities as such Directors, General Manager and Trustees. The same contention is made by R. C. Griffith, Robert H. Jones, Jr., and Charles W. Roberts, Supervisors of the City and County of Dallas Levee Improvement District, and by Karl Bruton, one of the supervisors of Dallas County Levee Improvement District No. 5. In such contention they are correct. Dallas County Flood Control District v. Fowler, Tex.Civ.App., 280 S.W.2d 336.

The motions for rehearing of John M. Stemmons, Albert Hagman, T. C. Forrest, Jr., Ray A. Foley, R. C. Griffith, Robert H. Jones, Jr., Charles W. Roberts and Karl Bruton are sustained, and as to said individual appellees the judgment of the trial court is affirmed.

The motions for rehearing of Dallas County Flood Control District, City and County of Dallas Levee Improvement District, and Dallas County Levee Improvement District No. 5 are overruled.