

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 10, 1972

Honorable Joe Resweber
County Attorney Harris County
Harris County Courthouse
Houston, Texas 77002

Dear Mr. Resweber:

Opinion No. M- 1126

Re: Whether the County Tax
Assessor-Collector is
immune from liability
regarding the issuance
of a certificate of title

Your recent letter requests our opinion on the following question:

"Is the County Tax Assessor-Collector immune
from claims of third persons in instances where
title to a motor vehicle is issued under Section
39 of the Certificate of Title Act (Article 1436-1,
V.P.C.)?"

You state that many tax assessor-collectors have been reluctant to grant titles without an indemnity bond of some sort, feeling that there is always a possibility of a third party having some claim unknown to the assessor-collector at the time the title is granted. However, you have presented no specific factual situation or a state of facts under which we might render an opinion as to the liability or non-liability of the public official concerned.

It is the settled policy of this office not to write on speculative or hypothetical questions, particularly where no specific factual situation is presented. Accordingly, in rendering this opinion, we are necessarily confined to giving you a general statement of the law, without making any attempt to cover all of the exceptions or to cover some specific factual situation. In this connection, we are not apprised of whether the official, based upon the particular facts before him, is rendering a strictly ministerial decision or a

-5477-

quasi-judicial judgment involving an exercise of discretion and judgment. Such consideration is significant on the question of liability. See _Torres v. Owens_, 380 S.W.2d 30 (Tex.Civ.App. 1964, error ref., n.r.e.).

Section 39 of the Certificate of Title Act (Article 1436-1 Texas Penal Code), referred to in your inquiry, reads as follows:

> "Any person interested in a motor vehicle to which the Department has refused to issue a certificate of title or has suspended or revoked the certificate of title, feeling aggrieved may apply to the designated agent of the county of such interested person's domicile for a hearing, whereupon such designated agent shall, on the same day such application for hearing is received by him, notify the Department of the date of the hearing, which shall not be less than ten (10) days nor more than fifteen (15) days, and at such hearing such applicant and the Department may submit evidence and a ruling of the designated agent shall bind both parties as to whether or not the Department has acted justly in the premises.
>
> (a) Such applicant feeling aggrieved with the ruling of the designated agent, may, within five (5) days and not thereafter, appeal to the County Court of the county of the applicant's residence, who shall proceed to try the issues as in other civil cases, and all rights and immunities granted in the trial of civil cases shall be available to the interested parties.
>
> (b) If the action of the Department complained of is sustained, a certificate of title for the particular motor vehicle involved shall only be issued upon such rules and regulations as the Department may prescribe.

(c)   Should the final decision be against the ruling of the Department, the certificate of title shall issue forthwith."

Section 26 of that Act provides as follows:

"Sec. 26.   The term 'Designated Agent' means each County Tax Collector in this State who may perform his duties under this Act through any regular deputy."

It is held that the Legislature has the authority to add new and additional duties to those of the tax assessor-collector.  State v. Glass, 167 S.W.2d 296 (Tex.Civ.App. 1942, error ref., 170 S.W.2d 470).

Section 30 of the statute, as amended, reads, in part, as follows:

"No designated agent of the department shall be liable for civil damages arising out of his failure to reflect liens or encumbrances on such motor vehicle unless such failure constitutes will-ful or wanton negligence."   (Emphasis added.)

In the absence of wanton or willful negligence,[1]

---

1.   Section 30, Article 1436-1, Texas Penal Code, 43 Am.Jur. 91, Public Officers, Sec. 279, and cases cited.

malice or intentional conduct to inflict injury,[2] or corruption,[3] or arbitrariness or self-enhancement so as to constitute an abuse of his legally entrusted powers,[4] the County Tax Assessor-Collector would not generally be liable civilly under Article 1436-1, Texas Penal Code, when acting in good faith and within the scope of his official authority and in the line of his official duty in issuing a title to a motor vehicle under the Certificate of Title Act, even though his decision be in error.[5]

In at least one appellate decision, it was held that if the act were lawful, it was immaterial as to what motive may have activated the officer to act,[6] but a contrary rule

---

2.  Dallas County Flood Control Dist. v. Fowler, 280 S.W.2d 336 (Tex.Civ.App. 1955, error ref., n.r.e.); Harwell v. Ward County, 314 S.W.2d 868 (Tex.Civ.App. 1958, error ref., n.r.e.); 43 Am.Jur. 86, Public Officers, Sec. 274, footnote 13 and cases cited; Sec. 275, p. 88, footnote 3 and cases cited; Sec. 278, p. 90, footnote 15 and cases cited.

3.  43 Am.Jur. 88, Public Officers, Sec. 275, footnote 3 and cases cited.

4.  Harwell v. Ward County, supra.

5.  47 Tex.Jur.2d 167, Public Officers, Sec. 130, and cases cited; Pridgen v. Giles, 267 S.W.2d 187 (Tex.Civ.App. 1954, error ref., n.r.e.); Ross v. Gonzales, 29 S.W.2d 437 (Tex.Civ.App. 1930, (error dism.); Dallas County Flood Control Dist. v. Fowler, supra; Harwell v. Ward County, supra; 43 Am.Jur. 85, Public Officers, Sec. 273 and cases cited.  Sec. 274, pp. 86 and 87, and cases cited; and see Am. Ry. Express v. Kentucky, 273 U.S. 269, 273 (1926).

6.  Pridgen v. Giles, supra.

was recognized in a later decision[7] and is also recognized in a number of other jurisdictions.[8] We will not express an opinion on the element of motive, since the Texas law is unsettled and our opinion on that matter would then be speculative. See Attorney General Opinion No. O-3106 (1941), p. 19.

S U M M A R Y

The County Tax Assessor-Collector is generally immune from liability on claims of third parties where title is issued in good faith and within the scope of his official authority and in line of official duty under Section 39 of the Certificate of Title Act, and even though done erroneously, there being no wanton or willful negligence, malice or intentional conduct to inflict injury, or corruption, or arbitrariness or self-enhancement so as to constitute an abuse of his legally entrusted powers.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

---

7.  Dallas County Flood Control Dist. v. Fowler, supra.

8.  43 Am.Jur. 88, Public Officers, Sec. 276, and cases cited.

Hon. Joe Resweber, page 6,        (M-1126)


Bill Campbell
Sig Aronson
James Quick
Bob Lemens

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant